CT Corporation

**Service of Process Transmittal**
03/24/2021
CT Log Number 539265098

TO:     Janet Kerr
        Boston Properties, Inc.
        800 Boylston Street, Suite 1900
        Boston, MA 02199

RE:     **Process Served in Virginia**

FOR:    Boston Properties, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Shad El Fernandez, Pltf. vs. Boston Properties, Inc., et al., Dfts. |
| DOCUMENT(S) SERVED: | - |
| COURT/AGENCY: | None Specified<br>Case # CL20210004043 |
| NATURE OF ACTION: | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Glen Allen, VA |
| DATE AND HOUR OF SERVICE: | By Process Server on 03/24/2021 at 14:36 |
| JURISDICTION SERVED : | Virginia |
| APPEARANCE OR ANSWER DUE: | None Specified |
| ATTORNEY(S) / SENDER(S): | None Specified |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 03/24/2021, Expected Purge Date: 03/29/2021 |
| | Image SOP |
| | Email Notification, Michael Chaia  mchaia@bxp.com |
| | Email Notification, Janet Kerr  JKerr@bostonproperties.com |
| | Email Notification, Craig O'Connor  coconnor@bostonproperties.com |
| REGISTERED AGENT ADDRESS: | CT Corporation System<br>4701 Cox Road<br>Suite 285<br>Glen Allen, VA 23060<br>866-203-1500<br>DealTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

EXHIBIT
A



# PROCESS SERVER DELIVERY DETAILS

**Date:**           Wed, Mar 24, 2021

**Server Name:**    Drop Service

| Entity Served | BOSTON PROPERTIES, INC. |
|---|---|
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | CL20210004043 |
| Jurisdiction | VA |



SPS

**COMMONWEALTH OF VIRGINIA**
**CIRCUIT COURT OF FAIRFAX COUNTY**
**4110 CHAIN BRIDGE ROAD**
**FAIRFAX, VIRGINIA 22030**
**703-691-7320**
**(Press 3, Press 1)**

Shad El Fernandez vs.  Boston Properties, Inc., et al.

CL-2021-0004043

TO:     Boston Properties, Inc.
        Serve: CT Corporation System, RA
        4701 Cox Road, Suite 285
        Glen Allen, VA 23060-6808

**SUMMONS – CIVIL ACTION**

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the Clerk's office of this Court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

**APPEARANCE IN PERSON IS NOT REQUIRED BY THIS SUMMONS.**

Done in the name of the Commonwealth of Virginia, on March 22, 2021.

JOHN T. FREY, CLERK

By: _____
                    **Deputy Clerk**

Plaintiff's Attorney:  Robert J. Stoney

**VIRGINIA:**

FILED
CIVIL INTAKE
2021 MAR 18 AM 9:57

**IN THE CIRCUIT COURT FOR FAIRFAX COUNTY**

JOHN T. FREY
CLERK, CIRCUIT COURT
FAIRFAX, VA

| | |
|---|---|
| **SHAD EL FERNANDEZ,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **BOSTON PROPERTIES, INC. and** | ) |
| **BOSTON PROPERTIES, LP and** | ) |
| **BOSTON PROPERTIES, LLC and** | ) |
| **BOSTON PROPERTIES SERVICES, LLC** | ) |
| **and BP KINGSTOWNE THEATRE, LLC,** | ) |
| Serve: | ) |
| CT Corporation System, RA | ) |
| 4701 Cox Road, Suite 285 | ) |
| Glen Allen, VA 23060 | ) |
| | ) |
| **Defendants.** | ) |

Case No.: **2021 04043**

## <u>COMPLAINT</u>

Plaintiff Shad El Fernandez, by counsel, moves for judgment against Defendants Boston

Properties, Inc., Boston Properties, LP, Boston Properties, LLC, Boston Properties Services,

LLC, and BP Kingstowne Theatre, LLC on the grounds and in the amount set forth as follows:

1.      At all relevant times, Defendants owned, operated, or maintained the property

surrounding the Regal Kingstowne ScreenX & RPX movie theater in Fairfax, Virginia, including

the plaza, bollards and other improvements in front of the theater ('the Plaza").

2.      The Plaza is landscaped with trees in brick planters and an ornamental sunburst

design created with colored concrete tiles and inlaid brick embellishments.

3.      The below photograph is a true and accurate depiction of the Plaza circa May

2015:[1]

---

[1] Google Maps Street View image dated May 2015, available at: https://www.google.com/maps/@38.7719033,-
77.1387401,3a,37.5y,75.15h,87.34t/data=!3m6!1e1!3m4!1sy68MdSVwdPFmdL0m9Fi5wQ!2e0!7i13312!8i6656



4.    Prior to November 21, 2018, Defendants removed, or had removed, a row of the inlaid brick embellishment that ran parallel to a line of bollards along the western side of the Plaza. They replaced the embellishment with concrete slabs.

5.    The below photograph is a true and accurate depiction of the Plaza circa July 2018[2]



6.    While the inlaid brick embellishment had been flat and smooth, a new concrete slab placed in front of a ramp to the Plaza was inserted unevenly. The slab was laid at an incline

---

[2] Google Maps Street View image dated July 2018, available at: https://www.google.com/maps/@38.7719292,-77.1387559,3a,37.5y,82.18h,86.71t/data=!3m7!1e1!3m5!1sydeGMY0TqjndPI_mYWv-Og!2e0!5s20180701T000000!7i13312!8i6656

2

relative to the rest of the Plaza and misaligned with the adjoining tiles, creating a significant gap and vertical drop-off (the "Defective Concrete Slab").

7.       Due to the gap, a wide strip of black joint filler had to be laid between the existing tile and the new concrete slab. The wide, black strip gave the illusion that the joint was level, making the significant drop-off and the incline indiscernible to pedestrians.

8.       The Defective Concrete Slab was located directly in front of an accessible ramp constructed for persons with a disability and obstructed the accessible route from the accessible parking lot next to the theater and the theater's entrance.

9.       Shad is a person with a disability.

10.       On November 21, 2018, the day before Thanksgiving, Shad was walking to the Regal Kingstowne movie theater from the accessible parking lot next to the theater with his son and daughter to watch a movie.

11.       Shad followed the accessible route from the parking lot to the theater entrance and entered the Plaza by the accessible ramp.

12.       As Shad approached the Defective Concrete Slab in front of the ramp, he was unable to see the vertical drop-off between that slab and the adjoining tile and the tilt due to the similar color of the adjoining concrete, the wide, black strip of joint filler, and other environmental factors.

13.       When Shad crossed the defective joint, his foot caught on the Defective Concrete Slab. He was thrown forward onto the concrete Plaza so suddenly that he did not have time to catch himself and landed on his knees and elbows.

14.       As a result, Shad suffered a devastating open, comminuted fracture of his left elbow, requiring multiple surgeries and leaving his elbow permanently impaired.

15.     Defendants opened the theater and Plaza to movie-going customers like Shad. Shad was therefore an invitee of Defendants.

16.     As Defendants' invitee, Shad had the right to assume that the Plaza was reasonably safe for him to walk across. He did not know, and had no reason to know, of the concealed vertical drop-off or the defective tilted concrete slab in the Plaza in front of the handicap entrance ramp.

17.     The Plaza was intended to be eye-catching and appealing to invitees. A reasonable person would expect that a private Plaza designed to attract paying customers would be safe, level, and better maintained than a public sidewalk.

18.     The defect was located directly in front of an accessible ramp in an accessible route. A reasonable person would expect that an area designed to be accessible to persons with a disability would be safe, level, and better maintained than areas not designed for people with impaired mobility.

19.     Defendants, through their agents, employees, and/or contractors, knew or should have known of the obscured, dangerous condition produced by the misaligned slab because:

    a.  They created it themselves by replacing the brick embellishment with the misaligned concrete slab, turning what had been a flat, safe Plaza surface into an unreasonably hazardous condition;

    b.  Other pedestrians had fallen because of the hidden dangerous condition;

    c.  On information and belief, other invitees had informed the Defendants of the dangerous condition;

    d.  The defendants and their agents frequented the Plaza; and

     e.   Prior to November 2018, the defendants placed warnings regarding the unreasonably dangerous condition on bollards on other portions of the Plaza, so pedestrians coming from a direction other than the direction that Shad was walking might be warned of the danger.

20.    On November 21, 2018, the signs on the bollards were not visible to a pedestrian walking up the handicap accessible ramp or in the direction Shad was walking before he fell.

21.    On November 21, 2018, the signs on the bollards were in a dilapidated condition and illegible even to those in their path.

22.    It was foreseeable that replacing the Plaza's flat, safe surface with an unnoticeably dangerous condition would cause pedestrians crossing the Plaza to fall.

23.    Other pedestrians have fallen due to the same hazardous condition, and Defendants fixed the defective slab after Shad's fall.

20.    Defendants are vicariously liable for the acts and omissions of their agents and employees committed within the scope of their agency or employment.

21.    Defendants had a duty to invitees of the theater, including Shad, to use ordinary care and diligence to keep its premises reasonably safe and free from conditions that would render the premises dangerous and unsafe for business invitees, including:

    a.    Maintaining its premises in a reasonably safe condition for invitees,

    b.    Not creating conditions on its premises that would render it unreasonably dangerous for invitees,

    c.    Regularly inspecting its premises to identify conditions that would render its premises unreasonably dangerous for invitees,

      d.     Promptly repairing conditions on its premises that would render its premises unreasonably dangerous for invitees,

      e.     Effectively warning invitees of any unsafe condition on its premises,

      f.     Guarding or protecting invitees from any unsafe condition on its premises, and

      g.     Providing a continuous, unobstructed path from the public streets, sidewalks, and accessible parking to an accessible entrance to the theater pursuant to Code § 36-98, 13 VAC § 5-63-10(B), and IBC § 1104.1.

22.     Defendants breached their duties by carelessly, negligently, and recklessly:

      a.     Failing to maintain its premises in a reasonably safe condition for invitees,

      b.     Creating a condition on its premises that rendered its premises unreasonably dangerous for invitees,

      c.     Failing to inspect and identify conditions that would render its premises unreasonably dangerous for invitees,

      d.     Failing to repair the unsafe condition that it created on its premises and that rendered its premises unreasonably dangerous for invitees,

      e.     Failing to warn invitees of the unsafe condition that it created on its premises and that rendered its premises unreasonably dangerous for invitees,

      f.     Failing to guard or protect invitees from the unsafe condition it created on its premises and that rendered its premises unreasonably dangerous for invitees,

      g.     Failing to provide a continuous, unobstructed path from the public streets, sidewalks, and accessible parking to an accessible entrance to the theater in violation of Code § 36-98, 13 VAC § 5-63-10(B), and IBC § 1104.1,

h.      Altering the Plaza in way that affected the usability of the theater for

persons with a disability in violation of Code § 36-98, 13 VAC § 5-63-10(B), and IBC

§ 1104.1,

i.      Committing other acts and omissions that further investigation and

discovery may reveal.

23.     Code § 36-98, 13 VAC § 5-63-10(B), and IBC § 1104.1 are statutes enacted to

protect the health, safety, and welfare of persons with a disability.

24.     Shad is a member of the class of people intended to be protected by Code § 36-98,

13 VAC § 5-63-10(B), and IBC § 1104.1.

25.     Defendants' individual and collective negligence created the imperceptible and

unreasonably dangerous vertical drop-off and defective tilt in the Plaza that caused Shad's fall

and damages.

26.     As the direct and proximate result of the individual and collective negligence of

Defendants, Shad sustained serious, painful, and permanent injuries, including a catastrophic

injury to his left elbow; has required and continues to require medical treatment and therapy; has

incurred and continues to incur the expenses of this medical treatment and therapy; was

precluded and continues to be precluded from engaging in normal activities and pursuits; has a

diminished earning capacity; and has sustained and will continue to sustain other losses and

damages. He has been permanently impaired and has experienced and continues to experience

pain, suffering, and mental anguish.

27.     Va. Code § 17.1-330(D) authorizes the Supreme Court of Virginia to "suspend,

toll, extend, or otherwise grant relief from deadlines, time schedules, or filing requirements

imposed by otherwise applicable statutes, rules, or court orders in any court processes and

7

proceedings, including all appellate court time limitations" when it declares a judicial emergency.

28.     On March 16, 2020, the Supreme Court of Virginia entered a "Declaration of Judicial Emergency" Order. This Order, among other things, ordered that "all deadlines are hereby tolled and extended, pursuant to Va. Code § 17.1-330(D), for a period of twenty-one (21) days."

29.     Between March 16 and July 8, 2020, the Court entered nine subsequent orders that extended the tolling and extension of all deadlines in civil matters through July 20, 2020. The total period of tolling and extensions provided for in these Orders is 126 days.

30.     The statute of limitations period for bringing this action was extended by the above tolling and extension orders by 126 days.

WHEREFORE, Plaintiff Shad El Fernandez moves this Court for judgment against Defendants Boston Properties, Inc., Boston Properties, LP, Boston Properties, LLC, Boston Properties Services, LLC, and BP Kingstowne Theatre, LLC, jointly and severally, in the amount of SIX MILLION NINE HUNDRED FIFTY THOUSAND DOLLARS ($6,950,000.00) with pre-judgment interest beginning on November 21, 2018, an award of attorneys' fees and costs, and any such other relief this Court deems just and proper.

Plaintiff requests a trial by jury of all issues.

8

SHAD EL FERNANDEZ
By Counsel

By: _____
    Robert J. Stoney, VSB #27412
      rstoney@bklawva.com
    Juli M. Porto, VSB #80820
      jporto@bklawva.com
    BLANKINGSHIP & KEITH, PC
    4020 University Drive, Suite 300
    Fairfax, Virginia 22030
    Telephone (703) 691-1235
    Facsimile (703) 691-3913

**VIRGINIA:**

FILED
CIVIL INTAKE

2021 MAR 18  AM 9: 58

JOHN T. FREY
CLERK, CIRCUIT COURT
FAIRFAX, VA

### IN THE CIRCUIT COURT FOR FAIRFAX COUNTY

**SHAD EL FERNANDEZ,**                    )
                                          )
      **Plaintiff,**                      )
                                          )
**v.**                                    )         Case No.: _____
                                          )
**BOSTON PROPERTIES, INC. and**           )
**BOSTON PROPERTIES, LP and**             )
**BOSTON PROPERTIES, LLC and**            )
**BOSTON PROPERTIES SERVICES, LLC**       )
**and BP KINGSTOWNE THEATRE, LLC,**       )
<u>Serve</u>:                             )
CT Corporation System, RA                 )
4701 Cox Road, Suite 285                  )
Glen Allen, VA 23060                      )
                                          )
      **Defendants.**                     )

**2021    04043**

### <u>PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS</u>

Plaintiff Shad El Fernandez, by counsel and pursuant to Rule 4:9, requests that

Defendants Boston Properties, Inc., Boston Properties, LP, Boston Properties, LLC, Boston

Properties Services, LLC, and BP Kingstowne Theatre, LLC produce the following documents

within 28 days of receipt.

### DEFINITIONS

When used in these Request for Production of Documents, Plaintiff intends the words

below to have the following meanings:

a.       "You" or "your" means the entity to which these Request for Production of

Documents are directed and its agents, employees, insurers, or representatives.

b.       "Brick embellishment" means the brick embellishment described in Plaintiff's

Complaint.

c.    "Communication" means any written, electronic, or oral communications, including, but not limited to, telephone conversations, conversations in meetings, letters, memoranda, notes, and e-mails.

d.    "Defective concrete slab" means the defective concrete slab described in Plaintiff's Complaint.

e.    "Document(s)" means but is not limited to any of the following in the possession, custody or control of you, as defined in the foregoing paragraph, including documents at any time in the possession, custody or control of such individuals or entities known by you to exist:

(1)    Any written, typed, recorded, electronically stored, filmed or graphic matter, whether produced, reproduced, or on computer, paper, cards, tapes, film, electronic facsimile, computer storage device or any other media, including but not limited to electronically stored information, emails, PDF documents, text messages, memoranda, notes, minutes, records, photographs, correspondence, telegrams, diaries, bookkeeping entries, computer data compilations, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, diagrams, schematics, maps, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, bulletins, periodicals, transcripts, speeches, newsletters, appointment calendars, records and recordings of oral conversations, or work papers.

(2)    Any copy of any item in the foregoing paragraph that is different in any way from the original whether by interlineation, receipt stamp notation, indication of copies sent or received, or otherwise, drafts, and revisions.

(3)    Any records relating to the preservation or destruction of any items in the foregoing paragraphs.

f.    "Identify," when used with reference to a person, means state the person's full name, current or last known home and business addresses and telephone numbers, and the person's relationship to you.

g.    "Identify," when used with a reference to a document, means describe the document and state its date, author, addressee, subject(s), and length.

h.    "Incident" means the incident that gives rise to this lawsuit.

i.    "Person(s)" means persons, partnerships, corporations, associations, and other legal and/or business entities, together with any employee, officer, director, agent or representative of such person or entity; "person(s)" also includes any governmental unit, authority or agency, its employees, agents and representatives.

j.    "Plaza" means the theater plaza described in Plaintiff's Complaint.

k.    "Relating to" means referring to, bearing upon, summarizing, reflecting, constituting, containing, embodying, mentioning, showing, comprising, evidencing, supporting, discussing, describing, commenting upon, concerning, regarding, alluding to, pertaining to, probative of, in connection with, dealing with, in respect of, about, involving, indicating, identifying, memorializing, proving, having anything to do with, or contradicting, in any way, in whole or in part, the subject matter referred to in the request.

## REQUESTS

1.    All documents, as defined above, identified or referred to in your answers to any interrogatories propounded in this matter.

**RESPONSE:**

2.      All documents, as defined above, that depict the incident or the theater plaza on the day of the incident.

**RESPONSE**:

3.      All documents, as defined above, relating to the incident, such as claims reports, notes, photographs, communications, witness statements, and documents compiled or generated in any investigation, etc., prior to the retention of defense counsel.

**RESPONSE**:

4.      All documents, as defined above, relating to any federal, state, local, or private investigation of the incident for any purpose.

**RESPONSE**:

5.      All documents, as defined above, relating to any other incident in which a person fell or was injured in the theater plaza, or relating to each time any person brought the defective concrete slab to your attention, from 2013 to the present, including claims reports, photographs, communications, witness statements, and documents compiled or generated in any investigation, etc. This request includes documents generated or possessed by your risk management, maintenance, or general counsel's office.

**RESPONSE**:

6.      All insurance agreement(s)/policy(ies) that could conceivably provide coverage to you if any Defendant is held liable. This request expressly includes any liability, CGL, business

4

auto, personal or professional liability, homeowners, umbrella, excess, or other policies of any kind that could conceivably be used to satisfy all or part of any judgment that may be entered in this matter or indemnify or reimburse any party for any payment made to satisfy any such judgment, including any reservation of rights letters issued to you or another Defendant.

**RESPONSE**:

7. All written statements and summaries of statements, audio recordings, transcripts, or other recordings, regardless of medium, that you, your agents, your insurers, or your representatives that are in your possession that were made by Plaintiff, or of witnesses or anyone else obtained prior to the retention of defense counsel, relating to the allegations in the Complaint.

**RESPONSE**:

8. All written statements, audio recordings, transcripts, or other recordings, regardless of medium, memorializing utterances of Plaintiff.

**RESPONSE**:

9. All documents, as defined above, related to the inspection, repair, and maintenance of the theater plaza, including communications, schedules, checklists, work orders, contracts, permit applications, permits, and photographs from 2013 to the date of the incident.

**RESPONSE**:

10.    All documents, as defined above, that identity all persons responsible for the theater plaza's inspection, repair, and maintenance, including timesheets, work schedules, and duty rosters from 2013 to the date of the incident.

**RESPONSE:**

11.    All documents, as defined above, related to the removal of the plaza's brick embellishment and replacement with the defective concrete slab, including the reason for its removal and replacement.

**RESPONSE:**

12.    All documents, as defined above, related to the repair or replacement of the defective concrete slab, including the reason for its repair or replacement.

**RESPONSE:**

13.    Every government and industry standard, regulation, guidance, policy, procedure, or other protocol, whether mandatory or voluntary, that you deemed applicable, or with which you sought to comply, with respect to maintaining the theater plaza and the removal of the plaza's brick embellishment and replacement with the defective concrete slab.

**RESPONSE:**

14.    All documents, as defined above, relating to any surveillance or observation of Plaintiff, including photographs, video, notes, communications, surveillance instructions (unless

6

written by defense counsel), billing records, and any other documents generated in connection with the surveillance.

**RESPONSE:**

15.     All documents, as defined above, describing or depicting the layout of the plaza as it existed (a) immediately before the removal of the theater plaza's brick embellishment and replacement with the defective concrete slab, (b) on the date of the incident, and (c) immediately following the repair or replacement of the defective concrete slab.

**RESPONSE:**

16.     All documents, as defined above, memorializing communications between or among you or your agents or employees and agents and employees of any insurer prior to the retention of defense counsel relating to the allegations in the Complaint, the theater plaza's compliance with building codes and Americans with Disability Act standards, any dangerous conditions in the theater plaza, and the danger of invitees encountering misaligned tiles, concrete slabs, or bricks in the theater plaza from 2013 to the date of the incident.

**RESPONSE:**

17.     All documents, as defined above, memorializing communications between or among you and any other Defendant or third party prior to the retention of defense counsel relating to the allegations in the Complaint, the theater plaza's compliance with building codes and Americans with Disability Act standards, any dangerous conditions in the theater plaza, and

7

the danger of invitees encountering misaligned tiles, concrete slabs, or bricks in the theater plaza

from 2013 to the date of the incident.

**RESPONSE:**

18.    The resume or curriculum vitae of any expert you may call at trial or any hearing

in this matter.

**RESPONSE:**

19.    All documents, as defined above, reviewed or relied on by any expert you may

call at trial or any hearing in this matter in forming their opinions.

**RESPONSE:**

20.    All reports prepared by any expert you may call at trial or any hearing in this

matter.

**RESPONSE:**

21.    All communications from or to Plaintiff relating to the incident, Plaintiff's

injuries, or other allegations in the Complaint. This Request does not include communications

that were sent to or by Plaintiff's current counsel (Blankingship & Keith, P.C.).

**RESPONSE:**

22.    All contracts or agreements between you and any vendor, company, or person that

was involved in or responsible for the management, operation, repair, or maintenance of the

theater plaza.

8

**RESPONSE:**

23.     All contracts or agreements between you and any vendor, company, or person that was involved in the removal of the theater plaza's brick embellishment and replacement with the defective concrete slab.

**RESPONSE:**

24.     All contracts or agreements between you and any vendor, company, or person that was involved in the repair or replacement of the defective concrete slab following the incident.

**RESPONSE:**

25.     All documents, as defined above, that provide factual support for any of your affirmative defenses or any claim that Plaintiff failed to mitigate damages.

**RESPONSE:**

26.     If you claim that any person other than you caused or contributed to Plaintiff's damages in whole or in part, all documents, as defined above, that relate to or support your claim.

**RESPONSE:**

27.     All documents, as defined above, that you obtain by subpoena *duces tecum* in this matter.

**RESPONSE:**

28.    If you claim that any of the medical treatments or damages claimed by Plaintiff are not related to the incident, unnecessary, or unreasonable in amount, all documents, as defined above, that relate to or support your claim.

**RESPONSE:**


**Pursuant to Rule 4:1(b)(6), if you withhold any information based on privilege, you must "describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."**

                                           SHAD EL FERNANDEZ
                                           By Counsel

By:    _____
       Robert J. Stoney, VSB #27412
          rstoney@bklawva.com
       Juli M. Porto, VSB #80820
          jporto@bklawva.com
       BLANKINGSHIP & KEITH, PC
       4020 University Drive, Suite 300
       Fairfax, Virginia 22030
       Telephone (703) 691-1235
       Facsimile (703) 691-3913

**VIRGINIA:**

FILED
CIVIL INTAKE
2021 MAR 18 AM 9: 57
JOHN T. FREY
CLERK, CIRCUIT COURT
FAIRFAX, VA

## IN THE CIRCUIT COURT FOR FAIRFAX COUNTY

SHAD EL FERNANDEZ,                     )
                                       )
    **Plaintiff,**                     )
                                       )
**v.**                                 )    Case No.: **2 0 2 1   0 4 0 4 3**
                                       )
BOSTON PROPERTIES, INC. and            )
BOSTON PROPERTIES, LP and              )
BOSTON PROPERTIES, LLC and             )
BOSTON PROPERTIES SERVICES, LLC        )
and BP KINGSTOWNE THEATRE, LLC,        )
<u>Serve</u>:                               )
CT Corporation System, RA             )
4701 Cox Road, Suite 285               )
Glen Allen, VA 23060                   )
                                       )
    **Defendants.**                    )

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

Plaintiff Shad El Fernandez, by counsel, pursuant to Rule 4:8, propounds the following

interrogatories on Defendants Boston Properties, Inc., Boston Properties, LP, Boston Properties,

LLC, Boston Properties Services, LLC, and BP Kingstowne Theatre, LLC to be answered under

oath within 28 days of receipt.

DEFINITIONS

When used in these interrogatories, Plaintiff intends the words below to have the

following meanings:

    a.    "You" or "your" means the entity to which these interrogatories are directed and

its agents, employees, insurers, or representatives.

    b.    "Brick embellishment" means the brick embellishment described in Plaintiff's

Complaint.

c.      "Communication" means any written, electronic, or oral communications, including, but not limited to, telephone conversations, conversations in meetings, letters, memoranda, notes, and e-mails.

d.      "Defective concrete slab" means the defective concrete slab described in Plaintiff's Complaint.

e.      "Document(s)" means but is not limited to any of the following in the possession, custody or control of you, as defined in the foregoing paragraph, including documents at any time in the possession, custody or control of such individuals or entities known by you to exist:

(1)      Any written, typed, recorded, electronically stored, filmed or graphic matter, whether produced, reproduced, or on computer, paper, cards, tapes, film, electronic facsimile, computer storage device or any other media, including but not limited to electronically stored information, emails, PDF documents, text messages, memoranda, notes, minutes, records, photographs, correspondence, telegrams, diaries, bookkeeping entries, computer data compilations, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, diagrams, schematics, maps, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, bulletins, periodicals, transcripts, speeches, newsletters, appointment calendars, records and recordings of oral conversations, or work papers.

(2)      Any copy of any item in the foregoing paragraph that is different in any way from the original whether by interlineation, receipt stamp notation, indication of copies sent or received, or otherwise, drafts, and revisions.

(3)      Any records relating to the preservation or destruction of any items in the foregoing paragraphs.

f.    "Identify," when used with reference to a person, means state the person's full name, current or last known home and business addresses and telephone numbers, and the person's relationship to you.

g.    "Identify," when used with a reference to a document, means describe the document and state its date, author, addressee, subject(s), and length.

h.    "Incident" means the incident that gives rise to this lawsuit.

i.    "Person(s)" means persons, partnerships, corporations, associations, and other legal and/or business entities, together with any employee, officer, director, agent or representative of such person or entity; "person(s)" also includes any governmental unit, authority or agency, its employees, agents and representatives.

j.    "Plaza" means the theater plaza described in Plaintiff's Complaint.

k.    "Relating to" means referring to, bearing upon, summarizing, reflecting, constituting, containing, embodying, mentioning, showing, comprising, evidencing, supporting, discussing, describing, commenting upon, concerning, regarding, alluding to, pertaining to, probative of, in connection with, dealing with, in respect of, about, involving, indicating, identifying, memorializing, proving, having anything to do with, or contradicting, in any way, in whole or in part, the subject matter referred to in the request.

## INTERROGATORIES

1.    **Identifying Information:**

Identify, as defined above, the person(s) answering these interrogatories and each person who provided information relied on to answer these Interrogatories.

**ANSWER:**

2.      **Identifying Information**:

Identify your current business structure and your business structure at the time of the incident and state the date on which your organization was formed and its state of formation. If you are structured as a partnership, identify all limited and general partners, from the time of the incident to present. If you are structured as a limited liability company, identify all managers and members from the time of the incident to present.

**ANSWER:**

3.      **Witnesses**:

Identify, as defined above, all persons having any personal knowledge of, or who may be witnesses to, any of the facts that give rise to this lawsuit, including persons who:

      a.      observed the incident or came to the scene immediately after the incident;

      b.      have knowledge of the incident's cause, including the fault of any party;

      c.      have knowledge relating to the removal of the theater plaza's brick embellishment and replacement with the defective concrete slab, including the reason for the removal and replacement;

      d.      have knowledge relating to the repair or replacement of the defective concrete slab following the incident, including the reason for the repair or replacement; and

      e.      have knowledge of the nature and extent of Plaintiff's injuries.

**ANSWER:**

4.      **Lost or Destroyed Tangible Items**:

For any tangible item requested by any party that you claim has been destroyed or lost, describe specifically what was destroyed or lost, when and how it was destroyed or lost, where it had been located immediately before it was destroyed or lost, who its custodian had been, who destroyed or lost it, and who directed or allowed its destruction or loss; and identify each person who has knowledge of this information.

**ANSWER**:


5.      **Witness Statements**:

Identify all statements and summaries of statements that you, your agents, your insurers, or your representatives obtained prior to the retention of defense counsel or that are in your possession that were made by Plaintiff, witnesses, or anyone else, relating to the allegations in the Complaint, and for each, state the date on which the statement was taken, the name and contact information of the person taking the statement, the name and contact information of the custodian of the statement, and whether the statement has been transcribed.

**ANSWER**:


6.      **Expert Witnesses**:

Identify every expert witness whom you may call at the trial or any hearing of this case, state the subject matter upon which the expert is expected to testify, his or her qualifications to testify thereon, the substance of facts and opinions to which the expert is expected to testify, and a summary of the grounds for each such opinion.

**ANSWER**:

7.     **Persons Liable**:

Identify, as defined above, each person, if any, whom you contend caused or contributed, either partially or exclusively, to the incident, and state all facts in support of each such contention, including the specific acts or omissions of each party upon which you base your contention. Include in your answer any person, as defined above, whom you contend owned, operated, maintained, or could control the theater plaza where Plaintiff fell or who was involved in the removal of the theater plaza's brick embellishment and replacement with the defective concrete slab.

**ANSWER:**


8.     **Prior Incidents**:

For each incident in which a person fell or was injured in the theater plaza or that involved the defective concrete slab for the five years preceding this incident and for each time any person brought the defective concrete slab to your attention, state the date and location of the incident, identify the injured person and their attorney, if any, describe any investigation you made of the incident or notice including your determination of the cause of incident, and any action you took in response to the incident or notice.

**ANSWER:**


9.     **Inspection, Maintenance, and Repair**:

For each occasion on which the theater plaza was inspected, maintained, repaired, or altered for the four years preceding the incident, describe the inspection, maintenance, repair or

6

alteration in detail, identify the person who performed it and anyone who had knowledge of it, state the reason for it, and identify all related documents including correspondence, contracts, and permit applications or other requests for permission to perform the inspection, maintenance, repair, or alteration.

**ANSWER:**

10. **Other Causes of Injuries or Damages:**

If you contend that any medical treatments or damages claimed by Plaintiff are not related to the incident, unnecessary, or unreasonable in amount, identify each such treatment or damage and state the factual basis for each such contention.

**ANSWER:**

11. **Party Admissions:**

If you have had any communications with Plaintiff relating to the allegations in the Complaint or Plaintiff's injuries or have knowledge of any other person having communications with Plaintiff relating to the allegations in the Complaint or Plaintiff's injuries, identify the date of each communication, the people involved in the communication, the substance of the communication, and if written, identify the custodian of such writing.

**ANSWER:**

12. **Affirmative Defenses:**

For each affirmative defense on which you rely in this case, including any claim that Plaintiff failed to mitigate damages, identify the defense, state each fact upon which the defense

is grounded and, for each such fact, identify all persons having knowledge thereof and all documents and/or things which evidence such fact as required by *Benitez v. Ford Motor Co.*, 273 Va. 242 (2007).

**ANSWER:**

13. **Insurance**:

For each insurance policy that could conceivably provide coverage to you if any Defendant is held liable, state the name of the insurance company, the policy number, your insurance broker, the amount of coverage available for payment, and any self-insured retention. This interrogatory expressly includes any liability, CGL, business auto, personal or professional liability, homeowners, umbrella, excess, or other policies of any kind that could conceivably be used to satisfy all or part of any judgment that may be entered in this matter or indemnify or reimburse any party for any payment made to satisfy any such judgment, including any reservation of rights letters issued to you or another defendant. Please do not simply refer to policies, but write the answer requested.

**ANSWER:**

14. **Policies, Procedures, and Protocols**:

Identify and describe every government and industry standard, regulation, guidance, policy, procedure, or other protocol, whether mandatory or voluntary, that you deemed applicable, or with which you sought to comply, with respect to maintaining the theater plaza and the removal of the theater plaza's brick embellishment and replacement with the defective concrete slab.

8

**ANSWER:**

15.   **Plaza Alteration:**

Describe in detail the circumstances of the removal of the theater plaza's brick

embellishment and replacement with the defective concrete slab, including the purpose for the

removal and replacement, date(s) the work was performed, the identity of any person who

performed the work or had knowledge of it, any issues or difficulties surrounding the work, and

the cost of the work and identify all related documents, including correspondence, contracts, and

permit applications or other requests for permission to perform the work.

**ANSWER:**

16.   **Plaza Repair:**

Describe the repair or replacement of the defective concrete slab following the incident,

including the purpose for the repair or replacement, date(s) the work was performed, the identity

of any person who performed the work or had knowledge of it, and identify all related

documents including correspondence, contracts, and permit applications or other requests for

permission to perform the work.

**ANSWER:**

SHAD EL FERNANDEZ
By Counsel

By: _____
    Robert J. Stoney, VSB #27412
    rstoney@bklawva.com
    Juli M. Porto, VSB #80820
    jporto@bklawva.com
    BLANKINGSHIP & KEITH, PC
    4020 University Drive, Suite 300
    Fairfax, Virginia 22030
    Telephone (703) 691-1235
    Facsimile (703) 691-3913

10

 CT Corporation

**Service of Process Transmittal**
03/24/2021
CT Log Number 539265117

TO:     Janet Kerr
        Boston Properties, Inc.
        800 Boylston Street, Suite 1900
        Boston, MA 02199

RE:     **Process Served in Virginia**

FOR:    Boston Properties LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Shad El Fernandez, Pltf. vs. Boston Properties, Inc., et al., Dfts. // To: Boston Properties LLC |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # CL20210004043 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Glen Allen, VA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/24/2021 at 14:36 |
| **JURISDICTION SERVED :** | Virginia |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/24/2021, Expected Purge Date: 03/29/2021 |
| | Image SOP |
| | Email Notification,  Michael Chaia  mchaia@bxp.com |
| | Email Notification,  Janet Kerr  JKerr@bostonproperties.com |
| | Email Notification,  Craig O'Connor  coconnor@bostonproperties.com |
| **REGISTERED AGENT ADDRESS:** | CT Corporation System<br>4701 Cox Road<br>Suite 285<br>Glen Allen, VA 23060<br>866-203-1500<br>DealTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**               Wed, Mar 24, 2021

**Server Name:**        Drop Service

| | |
|---|---|
| Entity Served | BOSTON PROPERTIES LLC |
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | CL20210004043 |
| Jurisdiction | VA |



SPS

**COMMONWEALTH OF VIRGINIA**
**CIRCUIT COURT OF FAIRFAX COUNTY**
**4110 CHAIN BRIDGE ROAD**
**FAIRFAX, VIRGINIA 22030**
**703-691-7320**
**(Press 3, Press 1)**

Shad El Fernandez vs.  Boston Properties, Inc., et al.

CL-2021-0004043

TO:   Boston Properties, LLC
      Serve: CT Corporation System, RA
      4701 Cox Road, Suite 285
      Glen Allen, VA 23060-6808

### SUMMONS – CIVIL ACTION

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the Clerk's office of this Court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

APPEARANCE IN PERSON IS NOT REQUIRED BY THIS SUMMONS.

Done in the name of the Commonwealth of Virginia, on March 22, 2021.

JOHN T. FREY, CLERK

By: _____
                  Deputy Clerk

Plaintiff's Attorney:  Robert J. Stoney

**VIRGINIA:**

FILED
CIVIL INTAKE

2021 MAR 18  AM 9: 58

JOHN T. FREY
CLERK. CIRCUIT COURT
FAIRFAX. VA

**IN THE CIRCUIT COURT FOR FAIRFAX COUNTY**

SHAD EL FERNANDEZ,      )
                        )
    Plaintiff,          )
                        )
v.                      )      Case No.: _____
                        )
BOSTON PROPERTIES, INC. and   )
BOSTON PROPERTIES, LP and     )
BOSTON PROPERTIES, LLC and    )
BOSTON PROPERTIES SERVICES, LLC  )
and BP KINGSTOWNE THEATRE, LLC,  )
Serve:                  )
CT Corporation System, RA  )
4701 Cox Road, Suite 285   )
Glen Allen, VA 23060    )
                        )
    Defendants.         )

2 0 2 1 _ 0 4 0 4 3

## COMPLAINT

Plaintiff Shad El Fernandez, by counsel, moves for judgment against Defendants Boston Properties, Inc., Boston Properties, LP, Boston Properties, LLC, Boston Properties Services, LLC, and BP Kingstowne Theatre, LLC on the grounds and in the amount set forth as follows:

1.    At all relevant times, Defendants owned, operated, or maintained the property surrounding the Regal Kingstowne ScreenX & RPX movie theater in Fairfax, Virginia, including the plaza, bollards and other improvements in front of the theater ('the Plaza").

2.    The Plaza is landscaped with trees in brick planters and an ornamental sunburst design created with colored concrete tiles and inlaid brick embellishments.

3.    The below photograph is a true and accurate depiction of the Plaza circa May 2015:[1]

---

[1] Google Maps Street View image dated May 2015, available at: https://www.google.com/maps/@38.7719033,-77.1387401,3a,37.5y,75.15h,87.34t/data=!3m6!1e1!3m4!1sy68MdSVwdPFmdL0m9Fi5wQ!2e0!7i13312!8i6656

1



4.      Prior to November 21, 2018, Defendants removed, or had removed, a row of the inlaid brick embellishment that ran parallel to a line of bollards along the western side of the Plaza. They replaced the embellishment with concrete slabs.

5.      The below photograph is a true and accurate depiction of the Plaza circa July 2018[2]



6.      While the inlaid brick embellishment had been flat and smooth, a new concrete slab placed in front of a ramp to the Plaza was inserted unevenly. The slab was laid at an incline

_____

[2] Google Maps Street View image dated July 2018, available at: https://www.google.com/maps/@38.7719292,-77.1387559,3a,37.5y,82.18h,86.71t/data=!3m7!1e1!3m5!1sydeGMY0TqjndPI_mYWv-Og!2e0!5s20180701T000000!7i13312!8i6656

relative to the rest of the Plaza and misaligned with the adjoining tiles, creating a significant gap and vertical drop-off (the "Defective Concrete Slab").

7.     Due to the gap, a wide strip of black joint filler had to be laid between the existing tile and the new concrete slab. The wide, black strip gave the illusion that the joint was level, making the significant drop-off and the incline indiscernible to pedestrians.

8.     The Defective Concrete Slab was located directly in front of an accessible ramp constructed for persons with a disability and obstructed the accessible route from the accessible parking lot next to the theater and the theater's entrance.

9.     Shad is a person with a disability.

10.     On November 21, 2018, the day before Thanksgiving, Shad was walking to the Regal Kingstowne movie theater from the accessible parking lot next to the theater with his son and daughter to watch a movie.

11.     Shad followed the accessible route from the parking lot to the theater entrance and entered the Plaza by the accessible ramp.

12.     As Shad approached the Defective Concrete Slab in front of the ramp, he was unable to see the vertical drop-off between that slab and the adjoining tile and the tilt due to the similar color of the adjoining concrete, the wide, black strip of joint filler, and other environmental factors.

13.     When Shad crossed the defective joint, his foot caught on the Defective Concrete Slab. He was thrown forward onto the concrete Plaza so suddenly that he did not have time to catch himself and landed on his knees and elbows.

14.     As a result, Shad suffered a devastating open, comminuted fracture of his left elbow, requiring multiple surgeries and leaving his elbow permanently impaired.

15.     Defendants opened the theater and Plaza to movie-going customers like Shad. Shad was therefore an invitee of Defendants.

16.     As Defendants' invitee, Shad had the right to assume that the Plaza was reasonably safe for him to walk across. He did not know, and had no reason to know, of the concealed vertical drop-off or the defective tilted concrete slab in the Plaza in front of the handicap entrance ramp.

17.     The Plaza was intended to be eye-catching and appealing to invitees. A reasonable person would expect that a private Plaza designed to attract paying customers would be safe, level, and better maintained than a public sidewalk.

18.     The defect was located directly in front of an accessible ramp in an accessible route. A reasonable person would expect that an area designed to be accessible to persons with a disability would be safe, level, and better maintained than areas not designed for people with impaired mobility.

19.     Defendants, through their agents, employees, and/or contractors, knew or should have known of the obscured, dangerous condition produced by the misaligned slab because:

       a.  They created it themselves by replacing the brick embellishment with the misaligned concrete slab, turning what had been a flat, safe Plaza surface into an unreasonably hazardous condition;

       b.  Other pedestrians had fallen because of the hidden dangerous condition;

       c.  On information and belief, other invitees had informed the Defendants of the dangerous condition;

       d.  The defendants and their agents frequented the Plaza; and

4

    e. Prior to November 2018, the defendants placed warnings regarding the unreasonably dangerous condition on bollards on other portions of the Plaza, so pedestrians coming from a direction other than the direction that Shad was walking might be warned of the danger.

20.    On November 21, 2018, the signs on the bollards were not visible to a pedestrian walking up the handicap accessible ramp or in the direction Shad was walking before he fell.

21.    On November 21, 2018, the signs on the bollards were in a dilapidated condition and illegible even to those in their path.

22.    It was foreseeable that replacing the Plaza's flat, safe surface with an unnoticeably dangerous condition would cause pedestrians crossing the Plaza to fall.

23.    Other pedestrians have fallen due to the same hazardous condition, and Defendants fixed the defective slab after Shad's fall.

20.    Defendants are vicariously liable for the acts and omissions of their agents and employees committed within the scope of their agency or employment.

21.    Defendants had a duty to invitees of the theater, including Shad, to use ordinary care and diligence to keep its premises reasonably safe and free from conditions that would render the premises dangerous and unsafe for business invitees, including:

    a.    Maintaining its premises in a reasonably safe condition for invitees,

    b.    Not creating conditions on its premises that would render it unreasonably dangerous for invitees,

    c.    Regularly inspecting its premises to identify conditions that would render its premises unreasonably dangerous for invitees,

5

    d.      Promptly repairing conditions on its premises that would render its premises unreasonably dangerous for invitees,

    e.      Effectively warning invitees of any unsafe condition on its premises,

    f.      Guarding or protecting invitees from any unsafe condition on its premises, and

    g.      Providing a continuous, unobstructed path from the public streets, sidewalks, and accessible parking to an accessible entrance to the theater pursuant to Code § 36-98, 13 VAC § 5-63-10(B), and IBC § 1104.1.

22.    Defendants breached their duties by carelessly, negligently, and recklessly:

    a.      Failing to maintain its premises in a reasonably safe condition for invitees,

    b.      Creating a condition on its premises that rendered its premises unreasonably dangerous for invitees,

    c.      Failing to inspect and identify conditions that would render its premises unreasonably dangerous for invitees,

    d.      Failing to repair the unsafe condition that it created on its premises and that rendered its premises unreasonably dangerous for invitees,

    e.      Failing to warn invitees of the unsafe condition that it created on its premises and that rendered its premises unreasonably dangerous for invitees,

    f.      Failing to guard or protect invitees from the unsafe condition it created on its premises and that rendered its premises unreasonably dangerous for invitees,

    g.      Failing to provide a continuous, unobstructed path from the public streets, sidewalks, and accessible parking to an accessible entrance to the theater in violation of Code § 36-98, 13 VAC § 5-63-10(B), and IBC § 1104.1,

    h.      Altering the Plaza in way that affected the usability of the theater for persons with a disability in violation of Code § 36-98, 13 VAC § 5-63-10(B), and IBC § 1104.1,

    i.      Committing other acts and omissions that further investigation and discovery may reveal.

23.     Code § 36-98, 13 VAC § 5-63-10(B), and IBC § 1104.1 are statutes enacted to protect the health, safety, and welfare of persons with a disability.

24.     Shad is a member of the class of people intended to be protected by Code § 36-98, 13 VAC § 5-63-10(B), and IBC § 1104.1.

25.     Defendants' individual and collective negligence created the imperceptible and unreasonably dangerous vertical drop-off and defective tilt in the Plaza that caused Shad's fall and damages.

26.     As the direct and proximate result of the individual and collective negligence of Defendants, Shad sustained serious, painful, and permanent injuries, including a catastrophic injury to his left elbow; has required and continues to require medical treatment and therapy; has incurred and continues to incur the expenses of this medical treatment and therapy; was precluded and continues to be precluded from engaging in normal activities and pursuits; has a diminished earning capacity; and has sustained and will continue to sustain other losses and damages. He has been permanently impaired and has experienced and continues to experience pain, suffering, and mental anguish.

27.     Va. Code § 17.1-330(D) authorizes the Supreme Court of Virginia to "suspend, toll, extend, or otherwise grant relief from deadlines, time schedules, or filing requirements imposed by otherwise applicable statutes, rules, or court orders in any court processes and

7

proceedings, including all appellate court time limitations" when it declares a judicial emergency.

28.     On March 16, 2020, the Supreme Court of Virginia entered a "Declaration of Judicial Emergency" Order.  This Order, among other things, ordered that "all deadlines are hereby tolled and extended, pursuant to Va. Code § 17.1-330(D), for a period of twenty-one (21) days."

29.     Between March 16 and July 8, 2020, the Court entered nine subsequent orders that extended the tolling and extension of all deadlines in civil matters through July 20, 2020.  The total period of tolling and extensions provided for in these Orders is 126 days.

30.     The statute of limitations period for bringing this action was extended by the above tolling and extension orders by 126 days.

WHEREFORE, Plaintiff Shad El Fernandez moves this Court for judgment against Defendants Boston Properties, Inc., Boston Properties, LP, Boston Properties, LLC, Boston Properties Services, LLC, and BP Kingstowne Theatre, LLC, jointly and severally, in the amount of SIX MILLION NINE HUNDRED FIFTY THOUSAND DOLLARS ($6,950,000.00) with pre-judgment interest beginning on November 21, 2018, an award of attorneys' fees and costs, and any such other relief this Court deems just and proper.

Plaintiff requests a trial by jury of all issues.

SHAD EL FERNANDEZ
By Counsel

By: _____
    Robert J. Stoney, VSB #27412
    rstoney@bklawva.com
    Juli M. Porto, VSB #80820
    jporto@bklawva.com
    BLANKINGSHIP & KEITH, PC
    4020 University Drive, Suite 300
    Fairfax, Virginia 22030
    Telephone (703) 691-1235
    Facsimile (703) 691-3913

9

**VIRGINIA:**

FILED
CIVIL INTAKE

2021 MAR 18  AM 9: 58

**IN THE CIRCUIT COURT FOR FAIRFAX COUNTY**

JOHN T. FREY
CLERK. CIRCUIT COURT
FAIRFAX. VA

SHAD EL FERNANDEZ,           )
                                    )
     **Plaintiff,**            )
                                      )
**v.**                                  )     Case No.: _____
                                      )
**BOSTON PROPERTIES, INC. and**  )
**BOSTON PROPERTIES, LP and**    )
**BOSTON PROPERTIES, LLC and**   )
**BOSTON PROPERTIES SERVICES, LLC** )
**and BP KINGSTOWNE THEATRE, LLC,** )
<u>Serve:</u>                                  )
CT Corporation System, RA       )
4701 Cox Road, Suite 285        )
Glen Allen, VA 23060            )
                                      )
     **Defendants.**          )

2021  04043

## <u>PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS</u>

Plaintiff Shad El Fernandez, by counsel and pursuant to Rule 4:9, requests that

Defendants Boston Properties, Inc., Boston Properties, LP, Boston Properties, LLC, Boston

Properties Services, LLC, and BP Kingstowne Theatre, LLC produce the following documents

within 28 days of receipt.

## DEFINITIONS

When used in these Request for Production of Documents, Plaintiff intends the words

below to have the following meanings:

     a.     "You" or "your" means the entity to which these Request for Production of

Documents are directed and its agents, employees, insurers, or representatives.

     b.     "Brick embellishment" means the brick embellishment described in Plaintiff's

Complaint.

c.      "Communication" means any written, electronic, or oral communications, including, but not limited to, telephone conversations, conversations in meetings, letters, memoranda, notes, and e-mails.

d.      "Defective concrete slab" means the defective concrete slab described in Plaintiff's Complaint.

e.      "Document(s)" means but is not limited to any of the following in the possession, custody or control of you, as defined in the foregoing paragraph, including documents at any time in the possession, custody or control of such individuals or entities known by you to exist:

(1)      Any written, typed, recorded, electronically stored, filmed or graphic matter, whether produced, reproduced, or on computer, paper, cards, tapes, film, electronic facsimile, computer storage device or any other media, including but not limited to electronically stored information, emails, PDF documents, text messages, memoranda, notes, minutes, records, photographs, correspondence, telegrams, diaries, bookkeeping entries, computer data compilations, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, diagrams, schematics, maps, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, bulletins, periodicals, transcripts, speeches, newsletters, appointment calendars, records and recordings of oral conversations, or work papers.

(2)      Any copy of any item in the foregoing paragraph that is different in any way from the original whether by interlineation, receipt stamp notation, indication of copies sent or received, or otherwise, drafts, and revisions.

(3)      Any records relating to the preservation or destruction of any items in the foregoing paragraphs.

     f.     "Identify," when used with reference to a person, means state the person's full name, current or last known home and business addresses and telephone numbers, and the person's relationship to you.

     g.     "Identify," when used with a reference to a document, means describe the document and state its date, author, addressee, subject(s), and length.

     h.     "Incident" means the incident that gives rise to this lawsuit.

     i.     "Person(s)" means persons, partnerships, corporations, associations, and other legal and/or business entities, together with any employee, officer, director, agent or representative of such person or entity; "person(s)" also includes any governmental unit, authority or agency, its employees, agents and representatives.

     j.     "Plaza" means the theater plaza described in Plaintiff's Complaint.

     k.     "Relating to" means referring to, bearing upon, summarizing, reflecting, constituting, containing, embodying, mentioning, showing, comprising, evidencing, supporting, discussing, describing, commenting upon, concerning, regarding, alluding to, pertaining to, probative of, in connection with, dealing with, in respect of, about, involving, indicating, identifying, memorializing, proving, having anything to do with, or contradicting, in any way, in whole or in part, the subject matter referred to in the request.

REQUESTS

     1.     All documents, as defined above, identified or referred to in your answers to any interrogatories propounded in this matter.

**RESPONSE**:

3

2.      All documents, as defined above, that depict the incident or the theater plaza on the day of the incident.

**RESPONSE:**

3.      All documents, as defined above, relating to the incident, such as claims reports, notes, photographs, communications, witness statements, and documents compiled or generated in any investigation, etc., prior to the retention of defense counsel.

**RESPONSE:**

4.      All documents, as defined above, relating to any federal, state, local, or private investigation of the incident for any purpose.

**RESPONSE:**

5.      All documents, as defined above, relating to any other incident in which a person fell or was injured in the theater plaza, or relating to each time any person brought the defective concrete slab to your attention, from 2013 to the present, including claims reports, photographs, communications, witness statements, and documents compiled or generated in any investigation, etc. This request includes documents generated or possessed by your risk management, maintenance, or general counsel's office.

**RESPONSE:**

6.      All insurance agreement(s)/policy(ies) that could conceivably provide coverage to you if any Defendant is held liable. This request expressly includes any liability, CGL, business

4

auto, personal or professional liability, homeowners, umbrella, excess, or other policies of any kind that could conceivably be used to satisfy all or part of any judgment that may be entered in this matter or indemnify or reimburse any party for any payment made to satisfy any such judgment, including any reservation of rights letters issued to you or another Defendant.

**RESPONSE:**

7.     All written statements and summaries of statements, audio recordings, transcripts, or other recordings, regardless of medium, that you, your agents, your insurers, or your representatives that are in your possession that were made by Plaintiff, or of witnesses or anyone else obtained prior to the retention of defense counsel, relating to the allegations in the Complaint.

**RESPONSE:**

8.     All written statements, audio recordings, transcripts, or other recordings, regardless of medium, memorializing utterances of Plaintiff.

**RESPONSE:**

9.     All documents, as defined above, related to the inspection, repair, and maintenance of the theater plaza, including communications, schedules, checklists, work orders, contracts, permit applications, permits, and photographs from 2013 to the date of the incident.

**RESPONSE:**

10.     All documents, as defined above, that identity all persons responsible for the theater plaza's inspection, repair, and maintenance, including timesheets, work schedules, and duty rosters from 2013 to the date of the incident.

**RESPONSE:**

11.     All documents, as defined above, related to the removal of the plaza's brick embellishment and replacement with the defective concrete slab, including the reason for its removal and replacement.

**RESPONSE:**

12.     All documents, as defined above, related to the repair or replacement of the defective concrete slab, including the reason for its repair or replacement.

**RESPONSE:**

13.     Every government and industry standard, regulation, guidance, policy, procedure, or other protocol, whether mandatory or voluntary, that you deemed applicable, or with which you sought to comply, with respect to maintaining the theater plaza and the removal of the plaza's brick embellishment and replacement with the defective concrete slab.

**RESPONSE:**

14.     All documents, as defined above, relating to any surveillance or observation of Plaintiff, including photographs, video, notes, communications, surveillance instructions (unless

written by defense counsel), billing records, and any other documents generated in connection with the surveillance.

**RESPONSE:**


15.     All documents, as defined above, describing or depicting the layout of the plaza as it existed (a) immediately before the removal of the theater plaza's brick embellishment and replacement with the defective concrete slab, (b) on the date of the incident, and (c) immediately following the repair or replacement of the defective concrete slab.

**RESPONSE:**


16.     All documents, as defined above, memorializing communications between or among you or your agents or employees and agents and employees of any insurer prior to the retention of defense counsel relating to the allegations in the Complaint, the theater plaza's compliance with building codes and Americans with Disability Act standards, any dangerous conditions in the theater plaza, and the danger of invitees encountering misaligned tiles, concrete slabs, or bricks in the theater plaza from 2013 to the date of the incident.

**RESPONSE:**


17.     All documents, as defined above, memorializing communications between or among you and any other Defendant or third party prior to the retention of defense counsel relating to the allegations in the Complaint, the theater plaza's compliance with building codes and Americans with Disability Act standards, any dangerous conditions in the theater plaza, and

7

the danger of invitees encountering misaligned tiles, concrete slabs, or bricks in the theater plaza from 2013 to the date of the incident.

    **RESPONSE:**

    18.    The resume or curriculum vitae of any expert you may call at trial or any hearing in this matter.

    **RESPONSE:**

    19.    All documents, as defined above, reviewed or relied on by any expert you may call at trial or any hearing in this matter in forming their opinions.

    **RESPONSE:**

    20.    All reports prepared by any expert you may call at trial or any hearing in this matter.

    **RESPONSE:**

    21.    All communications from or to Plaintiff relating to the incident, Plaintiff's injuries, or other allegations in the Complaint. This Request does not include communications that were sent to or by Plaintiff's current counsel (Blankingship & Keith, P.C.).

    **RESPONSE:**

    22.    All contracts or agreements between you and any vendor, company, or person that was involved in or responsible for the management, operation, repair, or maintenance of the theater plaza.

**RESPONSE:**

23.     All contracts or agreements between you and any vendor, company, or person that was involved in the removal of the theater plaza's brick embellishment and replacement with the defective concrete slab.

**RESPONSE:**

24.     All contracts or agreements between you and any vendor, company, or person that was involved in the repair or replacement of the defective concrete slab following the incident.

**RESPONSE:**

25.     All documents, as defined above, that provide factual support for any of your affirmative defenses or any claim that Plaintiff failed to mitigate damages.

**RESPONSE:**

26.     If you claim that any person other than you caused or contributed to Plaintiff's damages in whole or in part, all documents, as defined above, that relate to or support your claim.

**RESPONSE:**

27.     All documents, as defined above, that you obtain by subpoena *duces tecum* in this matter.

**RESPONSE:**

9

28.   If you claim that any of the medical treatments or damages claimed by Plaintiff are not related to the incident, unnecessary, or unreasonable in amount, all documents, as defined above, that relate to or support your claim.

**RESPONSE:**

Pursuant to Rule 4:1(b)(6), if you withhold any information based on privilege, you must "describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."

SHAD EL FERNANDEZ
By Counsel

By: _____
  Robert J. Stoney, VSB #27412
  rstoney@bklawva.com
  Juli M. Porto, VSB #80820
  jporto@bklawva.com
  BLANKINGSHIP & KEITH, PC
  4020 University Drive, Suite 300
  Fairfax, Virginia 22030
  Telephone (703) 691-1235
  Facsimile (703) 691-3913

10

**V I R G I N I A :**

FILED
CIVIL INTAKE

2021 MAR 18  AM 9: 58

IN THE CIRCUIT COURT FOR FAIRFAX COUNTY

JOHN T. FREY
CLERK, CIRCUIT COURT
FAIRFAX, VA

**SHAD EL FERNANDEZ,**              )
                                    )
    **Plaintiff,**                  )
                                    )                    2021 - 04043
**v.**                              )
                                    )        Case No.: _____
                                    )
**BOSTON PROPERTIES, INC. and**      )
**BOSTON PROPERTIES, LP and**        )
**BOSTON PROPERTIES, LLC and**       )
**BOSTON PROPERTIES SERVICES, LLC**  )
**and BP KINGSTOWNE THEATRE, LLC,**  )
<u>Serve:</u>                          )
CT Corporation System, RA           )
4701 Cox Road, Suite 285            )
Glen Allen, VA 23060                )
                                    )
    **Defendants.**                 )

## <u>PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS</u>

Plaintiff Shad El Fernandez, by counsel, pursuant to Rule 4:8, propounds the following

interrogatories on Defendants Boston Properties, Inc., Boston Properties, LP, Boston Properties,

LLC, Boston Properties Services, LLC, and BP Kingstowne Theatre, LLC to be answered under

oath within 28 days of receipt.

### DEFINITIONS

When used in these interrogatories, Plaintiff intends the words below to have the

following meanings:

    a.    "You" or "your" means the entity to which these interrogatories are directed and

its agents, employees, insurers, or representatives.

    b.    "Brick embellishment" means the brick embellishment described in Plaintiff's

Complaint.

c.      "Communication" means any written, electronic, or oral communications, including, but not limited to, telephone conversations, conversations in meetings, letters, memoranda, notes, and e-mails.

d.      "Defective concrete slab" means the defective concrete slab described in Plaintiff's Complaint.

e.      "Document(s)" means but is not limited to any of the following in the possession, custody or control of you, as defined in the foregoing paragraph, including documents at any time in the possession, custody or control of such individuals or entities known by you to exist:

(1)     Any written, typed, recorded, electronically stored, filmed or graphic matter, whether produced, reproduced, or on computer, paper, cards, tapes, film, electronic facsimile, computer storage device or any other media, including but not limited to electronically stored information, emails, PDF documents, text messages, memoranda, notes, minutes, records, photographs, correspondence, telegrams, diaries, bookkeeping entries, computer data compilations, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, diagrams, schematics, maps, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, bulletins, periodicals, transcripts, speeches, newsletters, appointment calendars, records and recordings of oral conversations, or work papers.

(2)     Any copy of any item in the foregoing paragraph that is different in any way from the original whether by interlineation, receipt stamp notation, indication of copies sent or received, or otherwise, drafts, and revisions.

(3)     Any records relating to the preservation or destruction of any items in the foregoing paragraphs.

2

    f.    "Identify," when used with reference to a person, means state the person's full name, current or last known home and business addresses and telephone numbers, and the person's relationship to you.

    g.    "Identify," when used with a reference to a document, means describe the document and state its date, author, addressee, subject(s), and length.

    h.    "Incident" means the incident that gives rise to this lawsuit.

    i.    "Person(s)" means persons, partnerships, corporations, associations, and other legal and/or business entities, together with any employee, officer, director, agent or representative of such person or entity; "person(s)" also includes any governmental unit, authority or agency, its employees, agents and representatives.

    j.    "Plaza" means the theater plaza described in Plaintiff's Complaint.

    k.    "Relating to" means referring to, bearing upon, summarizing, reflecting, constituting, containing, embodying, mentioning, showing, comprising, evidencing, supporting, discussing, describing, commenting upon, concerning, regarding, alluding to, pertaining to, probative of, in connection with, dealing with, in respect of, about, involving, indicating, identifying, memorializing, proving, having anything to do with, or contradicting, in any way, in whole or in part, the subject matter referred to in the request.

INTERROGATORIES

1.    **Identifying Information:**

Identify, as defined above, the person(s) answering these interrogatories and each person who provided information relied on to answer these Interrogatories.

**ANSWER:**

3

2.        **Identifying Information**:

Identify your current business structure and your business structure at the time of the incident and state the date on which your organization was formed and its state of formation. If you are structured as a partnership, identify all limited and general partners, from the time of the incident to present. If you are structured as a limited liability company, identify all managers and members from the time of the incident to present.

**ANSWER**:


3.        **Witnesses**:

Identify, as defined above, all persons having any personal knowledge of, or who may be witnesses to, any of the facts that give rise to this lawsuit, including persons who:

a.        observed the incident or came to the scene immediately after the incident;

b.        have knowledge of the incident's cause, including the fault of any party;

c.        have knowledge relating to the removal of the theater plaza's brick embellishment and replacement with the defective concrete slab, including the reason for the removal and replacement;

d.        have knowledge relating to the repair or replacement of the defective concrete slab following the incident, including the reason for the repair or replacement; and

e.        have knowledge of the nature and extent of Plaintiff's injuries.

**ANSWER**:

4

4.     **Lost or Destroyed Tangible Items:**

For any tangible item requested by any party that you claim has been destroyed or lost, describe specifically what was destroyed or lost, when and how it was destroyed or lost, where it had been located immediately before it was destroyed or lost, who its custodian had been, who destroyed or lost it, and who directed or allowed its destruction or loss; and identify each person who has knowledge of this information.

**ANSWER:**

5.     **Witness Statements:**

Identify all statements and summaries of statements that you, your agents, your insurers, or your representatives obtained prior to the retention of defense counsel or that are in your possession that were made by Plaintiff, witnesses, or anyone else, relating to the allegations in the Complaint, and for each, state the date on which the statement was taken, the name and contact information of the person taking the statement, the name and contact information of the custodian of the statement, and whether the statement has been transcribed.

**ANSWER:**

6.     **Expert Witnesses:**

Identify every expert witness whom you may call at the trial or any hearing of this case, state the subject matter upon which the expert is expected to testify, his or her qualifications to testify thereon, the substance of facts and opinions to which the expert is expected to testify, and a summary of the grounds for each such opinion.

**ANSWER:**

5

7.    **Persons Liable**:

Identify, as defined above, each person, if any, whom you contend caused or contributed, either partially or exclusively, to the incident, and state all facts in support of each such contention, including the specific acts or omissions of each party upon which you base your contention. Include in your answer any person, as defined above, whom you contend owned, operated, maintained, or could control the theater plaza where Plaintiff fell or who was involved in the removal of the theater plaza's brick embellishment and replacement with the defective concrete slab.

**ANSWER**:


8.    **Prior Incidents**:

For each incident in which a person fell or was injured in the theater plaza or that involved the defective concrete slab for the five years preceding this incident and for each time any person brought the defective concrete slab to your attention, state the date and location of the incident, identify the injured person and their attorney, if any, describe any investigation you made of the incident or notice including your determination of the cause of incident, and any action you took in response to the incident or notice.

**ANSWER**:


9.    **Inspection, Maintenance, and Repair**:

For each occasion on which the theater plaza was inspected, maintained, repaired, or altered for the four years preceding the incident, describe the inspection, maintenance, repair or

6

alteration in detail, identify the person who performed it and anyone who had knowledge of it, state the reason for it, and identify all related documents including correspondence, contracts, and permit applications or other requests for permission to perform the inspection, maintenance, repair, or alteration.

**ANSWER:**

10.    **Other Causes of Injuries or Damages:**

If you contend that any medical treatments or damages claimed by Plaintiff are not related to the incident, unnecessary, or unreasonable in amount, identify each such treatment or damage and state the factual basis for each such contention.

**ANSWER:**

11.    **Party Admissions:**

If you have had any communications with Plaintiff relating to the allegations in the Complaint or Plaintiff's injuries or have knowledge of any other person having communications with Plaintiff relating to the allegations in the Complaint or Plaintiff's injuries, identify the date of each communication, the people involved in the communication, the substance of the communication, and if written, identify the custodian of such writing.

**ANSWER:**

12.    **Affirmative Defenses:**

For each affirmative defense on which you rely in this case, including any claim that Plaintiff failed to mitigate damages, identify the defense, state each fact upon which the defense

7

is grounded and, for each such fact, identify all persons having knowledge thereof and all documents and/or things which evidence such fact as required by *Benitez v. Ford Motor Co.*, 273 Va. 242 (2007).

**ANSWER:**

13.    **Insurance:**

For each insurance policy that could conceivably provide coverage to you if any Defendant is held liable, state the name of the insurance company, the policy number, your insurance broker, the amount of coverage available for payment, and any self-insured retention. This interrogatory expressly includes any liability, CGL, business auto, personal or professional liability, homeowners, umbrella, excess, or other policies of any kind that could conceivably be used to satisfy all or part of any judgment that may be entered in this matter or indemnify or reimburse any party for any payment made to satisfy any such judgment, including any reservation of rights letters issued to you or another defendant. Please do not simply refer to policies, but write the answer requested.

**ANSWER:**

14.    **Policies, Procedures, and Protocols:**

Identify and describe every government and industry standard, regulation, guidance, policy, procedure, or other protocol, whether mandatory or voluntary, that you deemed applicable, or with which you sought to comply, with respect to maintaining the theater plaza and the removal of the theater plaza's brick embellishment and replacement with the defective concrete slab.

8

ANSWER:


15.    **Plaza Alteration:**

Describe in detail the circumstances of the removal of the theater plaza's brick embellishment and replacement with the defective concrete slab, including the purpose for the removal and replacement, date(s) the work was performed, the identity of any person who performed the work or had knowledge of it, any issues or difficulties surrounding the work, and the cost of the work and identify all related documents, including correspondence, contracts, and permit applications or other requests for permission to perform the work.

ANSWER:


16.    **Plaza Repair:**

Describe the repair or replacement of the defective concrete slab following the incident, including the purpose for the repair or replacement, date(s) the work was performed, the identity of any person who performed the work or had knowledge of it, and identify all related documents including correspondence, contracts, and permit applications or other requests for permission to perform the work.

ANSWER:

9

SHAD EL FERNANDEZ
By Counsel

By: _____
       Robert J. Stoney, VSB #27412
       rstoney@bklawva.com
       Juli M. Porto, VSB #80820
       jporto@bklawva.com
       BLANKINGSHIP & KEITH, PC
       4020 University Drive, Suite 300
       Fairfax, Virginia 22030
       Telephone (703) 691-1235
       Facsimile (703) 691-3913

10

 **CT Corporation**

**Service of Process Transmittal**
03/24/2021
CT Log Number 539265081

**TO:** Janet Kerr
Boston Properties, Inc.
800 Boylston Street, Suite 1900
Boston, MA 02199

**RE:** **Process Served in Virginia**

**FOR:** Boston Properties Services, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Shad El Fernandez, Pltf. vs. Boston Properties, Inc., et al., Dfts. // To: Boston Properties Services, LLC |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # CL20210004043 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Glen Allen, VA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/24/2021 at 14:36 |
| **JURISDICTION SERVED :** | Virginia |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/24/2021, Expected Purge Date: 03/29/2021 |
| | Image SOP |
| | Email Notification,  Michael Chaia  mchaia@bxp.com |
| | Email Notification,  Janet Kerr  JKerr@bostonproperties.com |
| | Email Notification,  Craig O'Connor  coconnor@bostonproperties.com |
| **REGISTERED AGENT ADDRESS:** | CT Corporation System<br>4701 Cox Road<br>Suite 285<br>Glen Allen, VA 23060<br>866-203-1500<br>DealTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1 / JR



# PROCESS SERVER DELIVERY DETAILS

**Date:**                     Wed, Mar 24, 2021

**Server Name:**              Drop Service

| Entity Served | BOSTON PROPERTIES SERVICES, LLC |
|---|---|
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | CL20210004043 |
| Jurisdiction | VA |



SPS 

**COMMONWEALTH OF VIRGINIA**
**CIRCUIT COURT OF FAIRFAX COUNTY**
4110 CHAIN BRIDGE ROAD
FAIRFAX, VIRGINIA 22030
703-691-7320
(Press 3, Press 1)

Shad El Fernandez  vs.  Boston Properties, Inc., et al.

CL-2021-0004043

TO:     Boston Properties Services, LLC
        Serve: CT Corporation System, RA
        4701 Cox Road, Suite 285
        Glen Allen, VA 23060-6808

**SUMMONS – CIVIL ACTION**

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the Clerk's office of this Court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

**APPEARANCE IN PERSON IS NOT REQUIRED BY THIS SUMMONS.**

Done in the name of the Commonwealth of Virginia, on March 22, 2021.

JOHN T. FREY, CLERK

By: _____
                Deputy Clerk

Plaintiff's Attorney:  Robert J. Stoney

VIRGINIA:

FILED
CIVIL INTAKE

IN THE CIRCUIT COURT FOR FAIRFAX COUNTY 18  AM 9: 59

JOHN T. FREY
CLERK, CIRCUIT COURT
FAIRFAX, VA

2021  04043

| | |
|---|---|
| SHAD EL FERNANDEZ, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: _____ |
| | ) |
| BOSTON PROPERTIES, INC. and | ) |
| BOSTON PROPERTIES, LP and | ) |
| BOSTON PROPERTIES, LLC and | ) |
| BOSTON PROPERTIES SERVICES, LLC | ) |
| and BP KINGSTOWNE THEATRE, LLC, | ) |
| <u>Serve</u>: | ) |
| CT Corporation System, RA | ) |
| 4701 Cox Road, Suite 285 | ) |
| Glen Allen, VA 23060 | ) |
| | ) |
| **Defendants.** | ) |

## <u>COMPLAINT</u>

Plaintiff Shad El Fernandez, by counsel, moves for judgment against Defendants Boston

Properties, Inc., Boston Properties, LP, Boston Properties, LLC, Boston Properties Services,

LLC, and BP Kingstowne Theatre, LLC on the grounds and in the amount set forth as follows:

1.      At all relevant times, Defendants owned, operated, or maintained the property

surrounding the Regal Kingstowne ScreenX & RPX movie theater in Fairfax, Virginia, including

the plaza, bollards and other improvements in front of the theater ('the Plaza").

2.      The Plaza is landscaped with trees in brick planters and an ornamental sunburst

design created with colored concrete tiles and inlaid brick embellishments.

3.      The below photograph is a true and accurate depiction of the Plaza circa May

2015:[1]

---

[1] Google Maps Street View image dated May 2015, available at: https://www.google.com/maps/@38.7719033,-77.1387401,3a,37.5y,75.15h,87.34t/data=!3m6!1e1!3m4!1sy68MdSVwdPFmdL0m9Fi5wQ!2e0!7i13312!8i6656

1



4.      Prior to November 21, 2018, Defendants removed, or had removed, a row of the inlaid brick embellishment that ran parallel to a line of bollards along the western side of the Plaza. They replaced the embellishment with concrete slabs.

5.      The below photograph is a true and accurate depiction of the Plaza circa July 2018[2]



6.      While the inlaid brick embellishment had been flat and smooth, a new concrete slab placed in front of a ramp to the Plaza was inserted unevenly. The slab was laid at an incline

---

[2] Google Maps Street View image dated July 2018, available at: https://www.google.com/maps/@38.7719292,-77.1387559,3a,37.5y,82.18h,86.71t/data=!3m7!1e1!3m5!1sydeGMY0TqjndPl_mYWv-Og!2e0!5s20180701T000000!7i13312!8i6656

relative to the rest of the Plaza and misaligned with the adjoining tiles, creating a significant gap and vertical drop-off (the "Defective Concrete Slab").

7.      Due to the gap, a wide strip of black joint filler had to be laid between the existing tile and the new concrete slab. The wide, black strip gave the illusion that the joint was level, making the significant drop-off and the incline indiscernible to pedestrians.

8.      The Defective Concrete Slab was located directly in front of an accessible ramp constructed for persons with a disability and obstructed the accessible route from the accessible parking lot next to the theater and the theater's entrance.

9.      Shad is a person with a disability.

10.     On November 21, 2018, the day before Thanksgiving, Shad was walking to the Regal Kingstowne movie theater from the accessible parking lot next to the theater with his son and daughter to watch a movie.

11.     Shad followed the accessible route from the parking lot to the theater entrance and entered the Plaza by the accessible ramp.

12.     As Shad approached the Defective Concrete Slab in front of the ramp, he was unable to see the vertical drop-off between that slab and the adjoining tile and the tilt due to the similar color of the adjoining concrete, the wide, black strip of joint filler, and other environmental factors.

13.     When Shad crossed the defective joint, his foot caught on the Defective Concrete Slab. He was thrown forward onto the concrete Plaza so suddenly that he did not have time to catch himself and landed on his knees and elbows.

14.     As a result, Shad suffered a devastating open, comminuted fracture of his left elbow, requiring multiple surgeries and leaving his elbow permanently impaired.

3

15.     Defendants opened the theater and Plaza to movie-going customers like Shad. Shad was therefore an invitee of Defendants.

16.     As Defendants' invitee, Shad had the right to assume that the Plaza was reasonably safe for him to walk across. He did not know, and had no reason to know, of the concealed vertical drop-off or the defective tilted concrete slab in the Plaza in front of the handicap entrance ramp.

17.     The Plaza was intended to be eye-catching and appealing to invitees. A reasonable person would expect that a private Plaza designed to attract paying customers would be safe, level, and better maintained than a public sidewalk.

18.     The defect was located directly in front of an accessible ramp in an accessible route. A reasonable person would expect that an area designed to be accessible to persons with a disability would be safe, level, and better maintained than areas not designed for people with impaired mobility.

19.     Defendants, through their agents, employees, and/or contractors, knew or should have known of the obscured, dangerous condition produced by the misaligned slab because:

   a.   They created it themselves by replacing the brick embellishment with the misaligned concrete slab, turning what had been a flat, safe Plaza surface into an unreasonably hazardous condition;

   b.   Other pedestrians had fallen because of the hidden dangerous condition;

   c.   On information and belief, other invitees had informed the Defendants of the dangerous condition;

   d.   The defendants and their agents frequented the Plaza; and

4

    e.    Prior to November 2018, the defendants placed warnings regarding the unreasonably dangerous condition on bollards on other portions of the Plaza, so pedestrians coming from a direction other than the direction that Shad was walking might be warned of the danger.

20.    On November 21, 2018, the signs on the bollards were not visible to a pedestrian walking up the handicap accessible ramp or in the direction Shad was walking before he fell.

21.    On November 21, 2018, the signs on the bollards were in a dilapidated condition and illegible even to those in their path.

22.    It was foreseeable that replacing the Plaza's flat, safe surface with an unnoticeably dangerous condition would cause pedestrians crossing the Plaza to fall.

23.    Other pedestrians have fallen due to the same hazardous condition, and Defendants fixed the defective slab after Shad's fall.

20.    Defendants are vicariously liable for the acts and omissions of their agents and employees committed within the scope of their agency or employment.

21.    Defendants had a duty to invitees of the theater, including Shad, to use ordinary care and diligence to keep its premises reasonably safe and free from conditions that would render the premises dangerous and unsafe for business invitees, including:

    a.    Maintaining its premises in a reasonably safe condition for invitees,

    b.    Not creating conditions on its premises that would render it unreasonably dangerous for invitees,

    c.    Regularly inspecting its premises to identify conditions that would render its premises unreasonably dangerous for invitees,

      d.     Promptly repairing conditions on its premises that would render its premises unreasonably dangerous for invitees,

      e.     Effectively warning invitees of any unsafe condition on its premises,

      f.     Guarding or protecting invitees from any unsafe condition on its premises, and

      g.     Providing a continuous, unobstructed path from the public streets, sidewalks, and accessible parking to an accessible entrance to the theater pursuant to Code § 36-98, 13 VAC § 5-63-10(B), and IBC § 1104.1.

22.    Defendants breached their duties by carelessly, negligently, and recklessly:

      a.     Failing to maintain its premises in a reasonably safe condition for invitees,

      b.     Creating a condition on its premises that rendered its premises unreasonably dangerous for invitees,

      c.     Failing to inspect and identify conditions that would render its premises unreasonably dangerous for invitees,

      d.     Failing to repair the unsafe condition that it created on its premises and that rendered its premises unreasonably dangerous for invitees,

      e.     Failing to warn invitees of the unsafe condition that it created on its premises and that rendered its premises unreasonably dangerous for invitees,

      f.     Failing to guard or protect invitees from the unsafe condition it created on its premises and that rendered its premises unreasonably dangerous for invitees,

      g.     Failing to provide a continuous, unobstructed path from the public streets, sidewalks, and accessible parking to an accessible entrance to the theater in violation of Code § 36-98, 13 VAC § 5-63-10(B), and IBC § 1104.1,

    h.    Altering the Plaza in way that affected the usability of the theater for persons with a disability in violation of Code § 36-98, 13 VAC § 5-63-10(B), and IBC § 1104.1,

    i.    Committing other acts and omissions that further investigation and discovery may reveal.

23.    Code § 36-98, 13 VAC § 5-63-10(B), and IBC § 1104.1 are statutes enacted to protect the health, safety, and welfare of persons with a disability.

24.    Shad is a member of the class of people intended to be protected by Code § 36-98, 13 VAC § 5-63-10(B), and IBC § 1104.1.

25.    Defendants' individual and collective negligence created the imperceptible and unreasonably dangerous vertical drop-off and defective tilt in the Plaza that caused Shad's fall and damages.

26.    As the direct and proximate result of the individual and collective negligence of Defendants, Shad sustained serious, painful, and permanent injuries, including a catastrophic injury to his left elbow; has required and continues to require medical treatment and therapy; has incurred and continues to incur the expenses of this medical treatment and therapy; was precluded and continues to be precluded from engaging in normal activities and pursuits; has a diminished earning capacity; and has sustained and will continue to sustain other losses and damages. He has been permanently impaired and has experienced and continues to experience pain, suffering, and mental anguish.

27.    Va. Code § 17.1-330(D) authorizes the Supreme Court of Virginia to "suspend, toll, extend, or otherwise grant relief from deadlines, time schedules, or filing requirements imposed by otherwise applicable statutes, rules, or court orders in any court processes and

7

proceedings, including all appellate court time limitations" when it declares a judicial emergency.

       28.     On March 16, 2020, the Supreme Court of Virginia entered a "Declaration of Judicial Emergency" Order. This Order, among other things, ordered that "all deadlines are hereby tolled and extended, pursuant to Va. Code § 17.1-330(D), for a period of twenty-one (21) days."

       29.     Between March 16 and July 8, 2020, the Court entered nine subsequent orders that extended the tolling and extension of all deadlines in civil matters through July 20, 2020. The total period of tolling and extensions provided for in these Orders is 126 days.

       30.     The statute of limitations period for bringing this action was extended by the above tolling and extension orders by 126 days.

       WHEREFORE, Plaintiff Shad El Fernandez moves this Court for judgment against Defendants Boston Properties, Inc., Boston Properties, LP, Boston Properties, LLC, Boston Properties Services, LLC, and BP Kingstowne Theatre, LLC, jointly and severally, in the amount of SIX MILLION NINE HUNDRED FIFTY THOUSAND DOLLARS ($6,950,000.00) with pre-judgment interest beginning on November 21, 2018, an award of attorneys' fees and costs, and any such other relief this Court deems just and proper.

       Plaintiff requests a trial by jury of all issues.

SHAD EL FERNANDEZ
By Counsel

By: _____
    Robert L. Stoney, VSB #27412
      rstoney@bklawva.com
    Juli M. Porto, VSB #80820
      jporto@bklawva.com
    BLANKINGSHIP & KEITH, PC
    4020 University Drive, Suite 300
    Fairfax, Virginia 22030
    Telephone (703) 691-1235
    Facsimile (703) 691-3913

9

**VIRGINIA:**

IN THE CIRCUIT COURT FOR FAIRFAX COUNTY

FILED
CIVIL INTAKE

2021 MAR 18 AM 9:59

JOHN T. FREY
CLERK, CIRCUIT COURT
FAIRFAX, VA

SHAD EL FERNANDEZ,                    )
                                      )
        **Plaintiff,**                )
                                      )
v.                                    )        Case No.: 2021 04043
                                      )
BOSTON PROPERTIES, INC. and           )
BOSTON PROPERTIES, LP and             )
BOSTON PROPERTIES, LLC and            )
BOSTON PROPERTIES SERVICES, LLC  )
and BP KINGSTOWNE THEATRE, LLC, )
<u>Serve:</u>                         )
CT Corporation System, RA             )
4701 Cox Road, Suite 285              )
Glen Allen, VA 23060                  )
                                      )
        **Defendants.**               )

## <u>PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS</u>

Plaintiff Shad El Fernandez, by counsel and pursuant to Rule 4:9, requests that

Defendants Boston Properties, Inc., Boston Properties, LP, Boston Properties, LLC, Boston

Properties Services, LLC, and BP Kingstowne Theatre, LLC produce the following documents

within 28 days of receipt.

## DEFINITIONS

When used in these Request for Production of Documents, Plaintiff intends the words

below to have the following meanings:

a.      "You" or "your" means the entity to which these Request for Production of

Documents are directed and its agents, employees, insurers, or representatives.

b.      "Brick embellishment" means the brick embellishment described in Plaintiff's

Complaint.

c.      "Communication" means any written, electronic, or oral communications, including, but not limited to, telephone conversations, conversations in meetings, letters, memoranda, notes, and e-mails.

d.      "Defective concrete slab" means the defective concrete slab described in Plaintiff's Complaint.

e.      "Document(s)" means but is not limited to any of the following in the possession, custody or control of you, as defined in the foregoing paragraph, including documents at any time in the possession, custody or control of such individuals or entities known by you to exist:

(1)      Any written, typed, recorded, electronically stored, filmed or graphic matter, whether produced, reproduced, or on computer, paper, cards, tapes, film, electronic facsimile, computer storage device or any other media, including but not limited to electronically stored information, emails, PDF documents, text messages, memoranda, notes, minutes, records, photographs, correspondence, telegrams, diaries, bookkeeping entries, computer data compilations, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, diagrams, schematics, maps, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, bulletins, periodicals, transcripts, speeches, newsletters, appointment calendars, records and recordings of oral conversations, or work papers.

(2)      Any copy of any item in the foregoing paragraph that is different in any way from the original whether by interlineation, receipt stamp notation, indication of copies sent or received, or otherwise, drafts, and revisions.

(3)      Any records relating to the preservation or destruction of any items in the foregoing paragraphs.

2

f.      "Identify," when used with reference to a person, means state the person's full name, current or last known home and business addresses and telephone numbers, and the person's relationship to you.

g.      "Identify," when used with a reference to a document, means describe the document and state its date, author, addressee, subject(s), and length.

h.      "Incident" means the incident that gives rise to this lawsuit.

i.      "Person(s)" means persons, partnerships, corporations, associations, and other legal and/or business entities, together with any employee, officer, director, agent or representative of such person or entity; "person(s)" also includes any governmental unit, authority or agency, its employees, agents and representatives.

j.      "Plaza" means the theater plaza described in Plaintiff's Complaint.

k.      "Relating to" means referring to, bearing upon, summarizing, reflecting, constituting, containing, embodying, mentioning, showing, comprising, evidencing, supporting, discussing, describing, commenting upon, concerning, regarding, alluding to, pertaining to, probative of, in connection with, dealing with, in respect of, about, involving, indicating, identifying, memorializing, proving, having anything to do with, or contradicting, in any way, in whole or in part, the subject matter referred to in the request.

## REQUESTS

1.      All documents, as defined above, identified or referred to in your answers to any interrogatories propounded in this matter.

**RESPONSE:**

3

2.      All documents, as defined above, that depict the incident or the theater plaza on the day of the incident.

**RESPONSE:**


3.      All documents, as defined above, relating to the incident, such as claims reports, notes, photographs, communications, witness statements, and documents compiled or generated in any investigation, etc., prior to the retention of defense counsel.

**RESPONSE:**


4.      All documents, as defined above, relating to any federal, state, local, or private investigation of the incident for any purpose.

**RESPONSE:**


5.      All documents, as defined above, relating to any other incident in which a person fell or was injured in the theater plaza, or relating to each time any person brought the defective concrete slab to your attention, from 2013 to the present, including claims reports, photographs, communications, witness statements, and documents compiled or generated in any investigation, etc. This request includes documents generated or possessed by your risk management, maintenance, or general counsel's office.

**RESPONSE:**


6.      All insurance agreement(s)/policy(ies) that could conceivably provide coverage to you if any Defendant is held liable. This request expressly includes any liability, CGL, business

auto, personal or professional liability, homeowners, umbrella, excess, or other policies of any kind that could conceivably be used to satisfy all or part of any judgment that may be entered in this matter or indemnify or reimburse any party for any payment made to satisfy any such judgment, including any reservation of rights letters issued to you or another Defendant.

**RESPONSE:**


7.      All written statements and summaries of statements, audio recordings, transcripts, or other recordings, regardless of medium, that you, your agents, your insurers, or your representatives that are in your possession that were made by Plaintiff, or of witnesses or anyone else obtained prior to the retention of defense counsel, relating to the allegations in the Complaint.

**RESPONSE:**


8.      All written statements, audio recordings, transcripts, or other recordings, regardless of medium, memorializing utterances of Plaintiff.

**RESPONSE:**


9.      All documents, as defined above, related to the inspection, repair, and maintenance of the theater plaza, including communications, schedules, checklists, work orders, contracts, permit applications, permits, and photographs from 2013 to the date of the incident.

**RESPONSE:**

5

10.     All documents, as defined above, that identity all persons responsible for the theater plaza's inspection, repair, and maintenance, including timesheets, work schedules, and duty rosters from 2013 to the date of the incident.

**RESPONSE:**

11.     All documents, as defined above, related to the removal of the plaza's brick embellishment and replacement with the defective concrete slab, including the reason for its removal and replacement.

**RESPONSE:**

12.     All documents, as defined above, related to the repair or replacement of the defective concrete slab, including the reason for its repair or replacement.

**RESPONSE:**

13.     Every government and industry standard, regulation, guidance, policy, procedure, or other protocol, whether mandatory or voluntary, that you deemed applicable, or with which you sought to comply, with respect to maintaining the theater plaza and the removal of the plaza's brick embellishment and replacement with the defective concrete slab.

**RESPONSE:**

14.     All documents, as defined above, relating to any surveillance or observation of Plaintiff, including photographs, video, notes, communications, surveillance instructions (unless

6

written by defense counsel), billing records, and any other documents generated in connection with the surveillance.

**RESPONSE:**

15.   All documents, as defined above, describing or depicting the layout of the plaza as it existed (a) immediately before the removal of the theater plaza's brick embellishment and replacement with the defective concrete slab, (b) on the date of the incident, and (c) immediately following the repair or replacement of the defective concrete slab.

**RESPONSE:**

16.   All documents, as defined above, memorializing communications between or among you or your agents or employees and agents and employees of any insurer prior to the retention of defense counsel relating to the allegations in the Complaint, the theater plaza's compliance with building codes and Americans with Disability Act standards, any dangerous conditions in the theater plaza, and the danger of invitees encountering misaligned tiles, concrete slabs, or bricks in the theater plaza from 2013 to the date of the incident.

**RESPONSE:**

17.   All documents, as defined above, memorializing communications between or among you and any other Defendant or third party prior to the retention of defense counsel relating to the allegations in the Complaint, the theater plaza's compliance with building codes and Americans with Disability Act standards, any dangerous conditions in the theater plaza, and

7

the danger of invitees encountering misaligned tiles, concrete slabs, or bricks in the theater plaza

from 2013 to the date of the incident.

**RESPONSE:**


18.    The resume or curriculum vitae of any expert you may call at trial or any hearing

in this matter.

**RESPONSE:**


19.    All documents, as defined above, reviewed or relied on by any expert you may

call at trial or any hearing in this matter in forming their opinions.

**RESPONSE:**


20.    All reports prepared by any expert you may call at trial or any hearing in this

matter.

**RESPONSE:**


21.    All communications from or to Plaintiff relating to the incident, Plaintiff's

injuries, or other allegations in the Complaint. This Request does not include communications

that were sent to or by Plaintiff's current counsel (Blankingship & Keith, P.C.).

**RESPONSE:**


22.    All contracts or agreements between you and any vendor, company, or person that

was involved in or responsible for the management, operation, repair, or maintenance of the

theater plaza.

8

**RESPONSE:**

23.     All contracts or agreements between you and any vendor, company, or person that was involved in the removal of the theater plaza's brick embellishment and replacement with the defective concrete slab.

**RESPONSE:**

24.     All contracts or agreements between you and any vendor, company, or person that was involved in the repair or replacement of the defective concrete slab following the incident.

**RESPONSE:**

25.     All documents, as defined above, that provide factual support for any of your affirmative defenses or any claim that Plaintiff failed to mitigate damages.

**RESPONSE:**

26.     If you claim that any person other than you caused or contributed to Plaintiff's damages in whole or in part, all documents, as defined above, that relate to or support your claim.

**RESPONSE:**

27.     All documents, as defined above, that you obtain by subpoena *duces tecum* in this matter.

**RESPONSE:**

28.    If you claim that any of the medical treatments or damages claimed by Plaintiff are not related to the incident, unnecessary, or unreasonable in amount, all documents, as defined above, that relate to or support your claim.

**RESPONSE:**


**Pursuant to Rule 4:1(b)(6), if you withhold any information based on privilege, you must "describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."**


                                        SHAD EL FERNANDEZ
                                        By Counsel


By: _____
      Robert J. Stoney, VSB #27412
      rstoney@bklawva.com
      Juli M. Porto, VSB #80820
      jporto@bklawva.com
      BLANKINGSHIP & KEITH, PC
      4020 University Drive, Suite 300
      Fairfax, Virginia 22030
      Telephone (703) 691-1235
      Facsimile (703) 691-3913

FILED
CIVIL INTAKE

2021 MAR 18  AM 9: 59

JOHN T. FREY
CLERK, CIRCUIT COURT
FAIRFAX, VA

**VIRGINIA:**

**IN THE CIRCUIT COURT FOR FAIRFAX COUNTY**

SHAD EL FERNANDEZ,                          )
                                            )
      Plaintiff,                            )
                                            )
v.                                          )     Case No.: **2021  04043**
                                            )
BOSTON PROPERTIES, INC. and                 )
BOSTON PROPERTIES, LP and                   )
BOSTON PROPERTIES, LLC and                  )
BOSTON PROPERTIES SERVICES, LLC             )
and BP KINGSTOWNE THEATRE, LLC,             )
<u>Serve:</u>                                )
CT Corporation System, RA                   )
4701 Cox Road, Suite 285                    )
Glen Allen, VA 23060                        )
                                            )
      Defendants.                           )

**<u>PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS</u>**

      Plaintiff Shad El Fernandez, by counsel, pursuant to Rule 4:8, propounds the following

interrogatories on Defendants Boston Properties, Inc., Boston Properties, LP, Boston Properties,

LLC, Boston Properties Services, LLC, and BP Kingstowne Theatre, LLC to be answered under

oath within 28 days of receipt.

DEFINITIONS

      When used in these interrogatories, Plaintiff intends the words below to have the

following meanings:

      a.     "You" or "your" means the entity to which these interrogatories are directed and

its agents, employees, insurers, or representatives.

      b.     "Brick embellishment" means the brick embellishment described in Plaintiff's

Complaint.

c.      "Communication" means any written, electronic, or oral communications, including, but not limited to, telephone conversations, conversations in meetings, letters, memoranda, notes, and e-mails.

d.      "Defective concrete slab" means the defective concrete slab described in Plaintiff's Complaint.

e.      "Document(s)" means but is not limited to any of the following in the possession, custody or control of you, as defined in the foregoing paragraph, including documents at any time in the possession, custody or control of such individuals or entities known by you to exist:

(1)     Any written, typed, recorded, electronically stored, filmed or graphic matter, whether produced, reproduced, or on computer, paper, cards, tapes, film, electronic facsimile, computer storage device or any other media, including but not limited to electronically stored information, emails, PDF documents, text messages, memoranda, notes, minutes, records, photographs, correspondence, telegrams, diaries, bookkeeping entries, computer data compilations, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, diagrams, schematics, maps, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, bulletins, periodicals, transcripts, speeches, newsletters, appointment calendars, records and recordings of oral conversations, or work papers.

(2)     Any copy of any item in the foregoing paragraph that is different in any way from the original whether by interlineation, receipt stamp notation, indication of copies sent or received, or otherwise, drafts, and revisions.

(3)     Any records relating to the preservation or destruction of any items in the foregoing paragraphs.

2

f.      "Identify," when used with reference to a person, means state the person's full name, current or last known home and business addresses and telephone numbers, and the person's relationship to you.

g.      "Identify," when used with a reference to a document, means describe the document and state its date, author, addressee, subject(s), and length.

h.      "Incident" means the incident that gives rise to this lawsuit.

i.      "Person(s)" means persons, partnerships, corporations, associations, and other legal and/or business entities, together with any employee, officer, director, agent or representative of such person or entity; "person(s)" also includes any governmental unit, authority or agency, its employees, agents and representatives.

j.      "Plaza" means the theater plaza described in Plaintiff's Complaint.

k.      "Relating to" means referring to, bearing upon, summarizing, reflecting, constituting, containing, embodying, mentioning, showing, comprising, evidencing, supporting, discussing, describing, commenting upon, concerning, regarding, alluding to, pertaining to, probative of, in connection with, dealing with, in respect of, about, involving, indicating, identifying, memorializing, proving, having anything to do with, or contradicting, in any way, in whole or in part, the subject matter referred to in the request.

## INTERROGATORIES

1.    **Identifying Information**:

Identify, as defined above, the person(s) answering these interrogatories and each person who provided information relied on to answer these Interrogatories.

**ANSWER:**

3

2.    **Identifying Information:**

Identify your current business structure and your business structure at the time of the incident and state the date on which your organization was formed and its state of formation. If you are structured as a partnership, identify all limited and general partners, from the time of the incident to present. If you are structured as a limited liability company, identify all managers and members from the time of the incident to present.

**ANSWER:**


3.    **Witnesses:**

Identify, as defined above, all persons having any personal knowledge of, or who may be witnesses to, any of the facts that give rise to this lawsuit, including persons who:

a.    observed the incident or came to the scene immediately after the incident;

b.    have knowledge of the incident's cause, including the fault of any party;

c.    have knowledge relating to the removal of the theater plaza's brick embellishment and replacement with the defective concrete slab, including the reason for the removal and replacement;

d.    have knowledge relating to the repair or replacement of the defective concrete slab following the incident, including the reason for the repair or replacement; and

e.    have knowledge of the nature and extent of Plaintiff's injuries.

**ANSWER:**

4

4.     **Lost or Destroyed Tangible Items**:

For any tangible item requested by any party that you claim has been destroyed or lost, describe specifically what was destroyed or lost, when and how it was destroyed or lost, where it had been located immediately before it was destroyed or lost, who its custodian had been, who destroyed or lost it, and who directed or allowed its destruction or loss; and identify each person who has knowledge of this information.

**ANSWER**:


5.     **Witness Statements**:

Identify all statements and summaries of statements that you, your agents, your insurers, or your representatives obtained prior to the retention of defense counsel or that are in your possession that were made by Plaintiff, witnesses, or anyone else, relating to the allegations in the Complaint, and for each, state the date on which the statement was taken, the name and contact information of the person taking the statement, the name and contact information of the custodian of the statement, and whether the statement has been transcribed.

**ANSWER**:


6.     **Expert Witnesses**:

Identify every expert witness whom you may call at the trial or any hearing of this case, state the subject matter upon which the expert is expected to testify, his or her qualifications to testify thereon, the substance of facts and opinions to which the expert is expected to testify, and a summary of the grounds for each such opinion.

**ANSWER**:

5

7.     **Persons Liable:**

Identify, as defined above, each person, if any, whom you contend caused or contributed, either partially or exclusively, to the incident, and state all facts in support of each such contention, including the specific acts or omissions of each party upon which you base your contention. Include in your answer any person, as defined above, whom you contend owned, operated, maintained, or could control the theater plaza where Plaintiff fell or who was involved in the removal of the theater plaza's brick embellishment and replacement with the defective concrete slab.

**ANSWER:**


8.     **Prior Incidents:**

For each incident in which a person fell or was injured in the theater plaza or that involved the defective concrete slab for the five years preceding this incident and for each time any person brought the defective concrete slab to your attention, state the date and location of the incident, identify the injured person and their attorney, if any, describe any investigation you made of the incident or notice including your determination of the cause of incident, and any action you took in response to the incident or notice.

**ANSWER:**


9.     **Inspection, Maintenance, and Repair:**

For each occasion on which the theater plaza was inspected, maintained, repaired, or altered for the four years preceding the incident, describe the inspection, maintenance, repair or

6

alteration in detail, identify the person who performed it and anyone who had knowledge of it, state the reason for it, and identify all related documents including correspondence, contracts, and permit applications or other requests for permission to perform the inspection, maintenance, repair, or alteration.

**ANSWER:**


10.    **Other Causes of Injuries or Damages:**

If you contend that any medical treatments or damages claimed by Plaintiff are not related to the incident, unnecessary, or unreasonable in amount, identify each such treatment or damage and state the factual basis for each such contention.

**ANSWER:**


11.    **Party Admissions:**

If you have had any communications with Plaintiff relating to the allegations in the Complaint or Plaintiff's injuries or have knowledge of any other person having communications with Plaintiff relating to the allegations in the Complaint or Plaintiff's injuries, identify the date of each communication, the people involved in the communication, the substance of the communication, and if written, identify the custodian of such writing.

**ANSWER:**


12.    **Affirmative Defenses:**

For each affirmative defense on which you rely in this case, including any claim that Plaintiff failed to mitigate damages, identify the defense, state each fact upon which the defense

is grounded and, for each such fact, identify all persons having knowledge thereof and all documents and/or things which evidence such fact as required by *Benitez v. Ford Motor Co.*, 273 Va. 242 (2007).

**ANSWER:**


13.    **Insurance**:

For each insurance policy that could conceivably provide coverage to you if any Defendant is held liable, state the name of the insurance company, the policy number, your insurance broker, the amount of coverage available for payment, and any self-insured retention. This interrogatory expressly includes any liability, CGL, business auto, personal or professional liability, homeowners, umbrella, excess, or other policies of any kind that could conceivably be used to satisfy all or part of any judgment that may be entered in this matter or indemnify or reimburse any party for any payment made to satisfy any such judgment, including any reservation of rights letters issued to you or another defendant. Please do not simply refer to policies, but write the answer requested.

**ANSWER:**


14.    **Policies, Procedures, and Protocols**:

Identify and describe every government and industry standard, regulation, guidance, policy, procedure, or other protocol, whether mandatory or voluntary, that you deemed applicable, or with which you sought to comply, with respect to maintaining the theater plaza and the removal of the theater plaza's brick embellishment and replacement with the defective concrete slab.

8

**ANSWER:**

15.   **Plaza Alteration**:

Describe in detail the circumstances of the removal of the theater plaza's brick

embellishment and replacement with the defective concrete slab, including the purpose for the

removal and replacement, date(s) the work was performed, the identity of any person who

performed the work or had knowledge of it, any issues or difficulties surrounding the work, and

the cost of the work and identify all related documents, including correspondence, contracts, and

permit applications or other requests for permission to perform the work.

**ANSWER:**

16.   **Plaza Repair**:

Describe the repair or replacement of the defective concrete slab following the incident,

including the purpose for the repair or replacement, date(s) the work was performed, the identity

of any person who performed the work or had knowledge of it, and identify all related

documents including correspondence, contracts, and permit applications or other requests for

permission to perform the work.

**ANSWER:**

SHAD EL FERNANDEZ
By Counsel

By: _____
     Robert J. Stoney, VSB #27412
      rstoney@bklawva.com
     Juli M. Porto, VSB #80820
      jporto@bklawva.com
     BLANKINGSHIP & KEITH, PC
     4020 University Drive, Suite 300
     Fairfax, Virginia 22030
     Telephone (703) 691-1235
     Facsimile (703) 691-3913

10

 CT Corporation

**Service of Process Transmittal**
03/24/2021
CT Log Number 539265648

TO: Janet Kerr
Boston Properties, Inc.
800 Boylston Street, Suite 1900
Boston, MA 02199

RE: **Process Served in Virginia**

FOR: BP Kingstowne Theatre LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Shad El Fernandez, Pltf. vs. Boston Properties, Inc., et al., Dfts. // To: BP KINGSTOWNE THEATRE LLC |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # CL20210004043 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Glen Allen, VA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/24/2021 at 14:36 |
| **JURISDICTION SERVED :** | Virginia |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/24/2021, Expected Purge Date: 03/29/2021 |
| | Image SOP |
| | Email Notification,  Michael Chaia  mchaia@bxp.com |
| | Email Notification,  Janet Kerr  JKerr@bostonproperties.com |
| | Email Notification,  Craig O'Connor  coconnor@bostonproperties.com |
| **REGISTERED AGENT ADDRESS:** | CT Corporation System<br>4701 Cox Road<br>Suite 285<br>Glen Allen, VA 23060<br>866-203-1500<br>DealTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**            Wed, Mar 24, 2021

**Server Name:**     Drop Service

| | |
|---|---|
| Entity Served | BP KINGSTOWNE THEATRE LLC |
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | CL20210004043 |
| Jurisdiction | VA |



SPS

**COMMONWEALTH OF VIRGINIA**
**CIRCUIT COURT OF FAIRFAX COUNTY**
**4110 CHAIN BRIDGE ROAD**
**FAIRFAX, VIRGINIA 22030**
703-691-7320
(Press 3, Press 1)

Shad El Fernandez vs. Boston Properties, Inc., et al.

CL-2021-0004043

TO:   BP Kingstowne Theatre, LLC
      Serve: CT Corporation System, RA
      4701 Cox Road, Suite 285
      Glen Allen, VA 23060-6808

### SUMMONS – CIVIL ACTION

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the Clerk's office of this Court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

**APPEARANCE IN PERSON IS NOT REQUIRED BY THIS SUMMONS.**

Done in the name of the Commonwealth of Virginia, on March 22, 2021.

JOHN T. FREY, CLERK

By: _____
                Deputy Clerk

Plaintiff's Attorney:  Robert J. Stoney

VIRGINIA:

FILED
CIVIL INTAKE

IN THE CIRCUIT COURT FOR FAIRFAX COUNTY 2021 MAR 18 AH 9: 59

SHAD EL FERNANDEZ,                        )
                                          )        JOHN T. FREY
          Plaintiff,                      )   CLERK. CIRCUIT COURT
                                          )        FAIRFAX. VA
                                          )
v.                                        )   Case No.: _____
                                          )        2021   04043
BOSTON PROPERTIES, INC. and               )
BOSTON PROPERTIES, LP and                 )
BOSTON PROPERTIES, LLC and                )
BOSTON PROPERTIES SERVICES, LLC           )
and BP KINGSTOWNE THEATRE, LLC,           )
Serve:                                    )
CT Corporation System, RA                 )
4701 Cox Road, Suite 285                  )
Glen Allen, VA 23060                      )
                                          )
          Defendants.                     )

## COMPLAINT

Plaintiff Shad El Fernandez, by counsel, moves for judgment against Defendants Boston

Properties, Inc., Boston Properties, LP, Boston Properties, LLC, Boston Properties Services,

LLC, and BP Kingstowne Theatre, LLC on the grounds and in the amount set forth as follows:

1.       At all relevant times, Defendants owned, operated, or maintained the property

surrounding the Regal Kingstowne ScreenX & RPX movie theater in Fairfax, Virginia, including

the plaza, bollards and other improvements in front of the theater ('the Plaza").

2.       The Plaza is landscaped with trees in brick planters and an ornamental sunburst

design created with colored concrete tiles and inlaid brick embellishments.

3.       The below photograph is a true and accurate depiction of the Plaza circa May

2015:[1]

---

[1] Google Maps Street View image dated May 2015, available at: https://www.google.com/maps/@38.7719033,-77.1387401,3a,37.5y,75.15h,87.34t/data=!3m6!1e1!3m4!1sy68MdSVwdPFmdL0m9Fi5wQ!2e0!7i13312!8i6656

1



4.      Prior to November 21, 2018, Defendants removed, or had removed, a row of the inlaid brick embellishment that ran parallel to a line of bollards along the western side of the Plaza. They replaced the embellishment with concrete slabs.

5.      The below photograph is a true and accurate depiction of the Plaza circa July 2018[2]



6.      While the inlaid brick embellishment had been flat and smooth, a new concrete slab placed in front of a ramp to the Plaza was inserted unevenly. The slab was laid at an incline

---

[2] Google Maps Street View image dated July 2018, available at: https://www.google.com/maps/@38.7719292,-77.1387559,3a,37.5y,82.18h,86.71t/data=!3m7!1e1!3m5!1sydeGMY0TqjndPI_mYWv-Og!2e0!5s20180701T000000!7i13312!8i6656

relative to the rest of the Plaza and misaligned with the adjoining tiles, creating a significant gap and vertical drop-off (the "Defective Concrete Slab").

7. Due to the gap, a wide strip of black joint filler had to be laid between the existing tile and the new concrete slab. The wide, black strip gave the illusion that the joint was level, making the significant drop-off and the incline indiscernible to pedestrians.

8. The Defective Concrete Slab was located directly in front of an accessible ramp constructed for persons with a disability and obstructed the accessible route from the accessible parking lot next to the theater and the theater's entrance.

9. Shad is a person with a disability.

10. On November 21, 2018, the day before Thanksgiving, Shad was walking to the Regal Kingstowne movie theater from the accessible parking lot next to the theater with his son and daughter to watch a movie.

11. Shad followed the accessible route from the parking lot to the theater entrance and entered the Plaza by the accessible ramp.

12. As Shad approached the Defective Concrete Slab in front of the ramp, he was unable to see the vertical drop-off between that slab and the adjoining tile and the tilt due to the similar color of the adjoining concrete, the wide, black strip of joint filler, and other environmental factors.

13. When Shad crossed the defective joint, his foot caught on the Defective Concrete Slab. He was thrown forward onto the concrete Plaza so suddenly that he did not have time to catch himself and landed on his knees and elbows.

14. As a result, Shad suffered a devastating open, comminuted fracture of his left elbow, requiring multiple surgeries and leaving his elbow permanently impaired.

3

15.     Defendants opened the theater and Plaza to movie-going customers like Shad. Shad was therefore an invitee of Defendants.

16.     As Defendants' invitee, Shad had the right to assume that the Plaza was reasonably safe for him to walk across. He did not know, and had no reason to know, of the concealed vertical drop-off or the defective tilted concrete slab in the Plaza in front of the handicap entrance ramp.

17.     The Plaza was intended to be eye-catching and appealing to invitees. A reasonable person would expect that a private Plaza designed to attract paying customers would be safe, level, and better maintained than a public sidewalk.

18.     The defect was located directly in front of an accessible ramp in an accessible route. A reasonable person would expect that an area designed to be accessible to persons with a disability would be safe, level, and better maintained than areas not designed for people with impaired mobility.

19.     Defendants, through their agents, employees, and/or contractors, knew or should have known of the obscured, dangerous condition produced by the misaligned slab because:

    a.   They created it themselves by replacing the brick embellishment with the misaligned concrete slab, turning what had been a flat, safe Plaza surface into an unreasonably hazardous condition;

    b.   Other pedestrians had fallen because of the hidden dangerous condition;

    c.   On information and belief, other invitees had informed the Defendants of the dangerous condition;

    d.   The defendants and their agents frequented the Plaza; and

4

e. Prior to November 2018, the defendants placed warnings regarding the unreasonably dangerous condition on bollards on other portions of the Plaza, so pedestrians coming from a direction other than the direction that Shad was walking might be warned of the danger.

20. On November 21, 2018, the signs on the bollards were not visible to a pedestrian walking up the handicap accessible ramp or in the direction Shad was walking before he fell.

21. On November 21, 2018, the signs on the bollards were in a dilapidated condition and illegible even to those in their path.

22. It was foreseeable that replacing the Plaza's flat, safe surface with an unnoticeably dangerous condition would cause pedestrians crossing the Plaza to fall.

23. Other pedestrians have fallen due to the same hazardous condition, and Defendants fixed the defective slab after Shad's fall.

20. Defendants are vicariously liable for the acts and omissions of their agents and employees committed within the scope of their agency or employment.

21. Defendants had a duty to invitees of the theater, including Shad, to use ordinary care and diligence to keep its premises reasonably safe and free from conditions that would render the premises dangerous and unsafe for business invitees, including:

a. Maintaining its premises in a reasonably safe condition for invitees,

b. Not creating conditions on its premises that would render it unreasonably dangerous for invitees,

c. Regularly inspecting its premises to identify conditions that would render its premises unreasonably dangerous for invitees,

5

      d.      Promptly repairing conditions on its premises that would render its premises unreasonably dangerous for invitees,

      e.      Effectively warning invitees of any unsafe condition on its premises,

      f.      Guarding or protecting invitees from any unsafe condition on its premises, and

      g.      Providing a continuous, unobstructed path from the public streets, sidewalks, and accessible parking to an accessible entrance to the theater pursuant to Code § 36-98, 13 VAC § 5-63-10(B), and IBC § 1104.1.

22.     Defendants breached their duties by carelessly, negligently, and recklessly:

      a.      Failing to maintain its premises in a reasonably safe condition for invitees,

      b.      Creating a condition on its premises that rendered its premises unreasonably dangerous for invitees,

      c.      Failing to inspect and identify conditions that would render its premises unreasonably dangerous for invitees,

      d.      Failing to repair the unsafe condition that it created on its premises and that rendered its premises unreasonably dangerous for invitees,

      e.      Failing to warn invitees of the unsafe condition that it created on its premises and that rendered its premises unreasonably dangerous for invitees,

      f.      Failing to guard or protect invitees from the unsafe condition it created on its premises and that rendered its premises unreasonably dangerous for invitees,

      g.      Failing to provide a continuous, unobstructed path from the public streets, sidewalks, and accessible parking to an accessible entrance to the theater in violation of Code § 36-98, 13 VAC § 5-63-10(B), and IBC § 1104.1,

h.      Altering the Plaza in way that affected the usability of the theater for persons with a disability in violation of Code § 36-98, 13 VAC § 5-63-10(B), and IBC § 1104.1,

i.      Committing other acts and omissions that further investigation and discovery may reveal.

23.      Code § 36-98, 13 VAC § 5-63-10(B), and IBC § 1104.1 are statutes enacted to protect the health, safety, and welfare of persons with a disability.

24.      Shad is a member of the class of people intended to be protected by Code § 36-98, 13 VAC § 5-63-10(B), and IBC § 1104.1.

25.      Defendants' individual and collective negligence created the imperceptible and unreasonably dangerous vertical drop-off and defective tilt in the Plaza that caused Shad's fall and damages.

26.      As the direct and proximate result of the individual and collective negligence of Defendants, Shad sustained serious, painful, and permanent injuries, including a catastrophic injury to his left elbow; has required and continues to require medical treatment and therapy; has incurred and continues to incur the expenses of this medical treatment and therapy; was precluded and continues to be precluded from engaging in normal activities and pursuits; has a diminished earning capacity; and has sustained and will continue to sustain other losses and damages. He has been permanently impaired and has experienced and continues to experience pain, suffering, and mental anguish.

27.      Va. Code § 17.1-330(D) authorizes the Supreme Court of Virginia to "suspend, toll, extend, or otherwise grant relief from deadlines, time schedules, or filing requirements imposed by otherwise applicable statutes, rules, or court orders in any court processes and

proceedings, including all appellate court time limitations" when it declares a judicial emergency.

28.     On March 16, 2020, the Supreme Court of Virginia entered a "Declaration of Judicial Emergency" Order.  This Order, among other things, ordered that "all deadlines are hereby tolled and extended, pursuant to Va. Code § 17.1-330(D), for a period of twenty-one (21) days."

29.     Between March 16 and July 8, 2020, the Court entered nine subsequent orders that extended the tolling and extension of all deadlines in civil matters through July 20, 2020.  The total period of tolling and extensions provided for in these Orders is 126 days.

30.     The statute of limitations period for bringing this action was extended by the above tolling and extension orders by 126 days.

WHEREFORE, Plaintiff Shad El Fernandez moves this Court for judgment against Defendants Boston Properties, Inc., Boston Properties, LP, Boston Properties, LLC, Boston Properties Services, LLC, and BP Kingstowne Theatre, LLC, jointly and severally, in the amount of SIX MILLION NINE HUNDRED FIFTY THOUSAND DOLLARS ($6,950,000.00) with pre-judgment interest beginning on November 21, 2018, an award of attorneys' fees and costs, and any such other relief this Court deems just and proper.

Plaintiff requests a trial by jury of all issues.

SHAD EL FERNANDEZ
By Counsel

By: _____
    Robert L. Stoney, VSB #27412
      rstoney@bklawva.com
    Juli M. Porto, VSB #80820
      jporto@bklawva.com
    BLANKINGSHIP & KEITH, PC
    4020 University Drive, Suite 300
    Fairfax, Virginia 22030
    Telephone (703) 691-1235
    Facsimile (703) 691-3913

9

FILED
CIVIL INTAKE

2021 MAR 18  AM 9: 59

JOHN T. FREY
CLERK. CIRCUIT COURT
FAIRFAX. VA

**VIRGINIA:**

**IN THE CIRCUIT COURT FOR FAIRFAX COUNTY**

SHAD EL FERNANDEZ,                )
                                  )
        **Plaintiff,**            )
                                  )
v.                                )        Case No.: **2 0 2 1   0 4 0 4 3**
                                  )
**BOSTON PROPERTIES, INC. and**   )
**BOSTON PROPERTIES, LP and**     )
**BOSTON PROPERTIES, LLC and**    )
**BOSTON PROPERTIES SERVICES, LLC** )
**and BP KINGSTOWNE THEATRE, LLC,** )
Serve:                            )
CT Corporation System, RA         )
4701 Cox Road, Suite 285          )
Glen Allen, VA 23060              )
                                  )
        **Defendants.**           )

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS**

Plaintiff Shad El Fernandez, by counsel and pursuant to Rule 4:9, requests that

Defendants Boston Properties, Inc., Boston Properties, LP, Boston Properties, LLC, Boston

Properties Services, LLC, and BP Kingstowne Theatre, LLC produce the following documents

within 28 days of receipt.

DEFINITIONS

When used in these Request for Production of Documents, Plaintiff intends the words

below to have the following meanings:

a.      "You" or "your" means the entity to which these Request for Production of

Documents are directed and its agents, employees, insurers, or representatives.

b.      "Brick embellishment" means the brick embellishment described in Plaintiff's

Complaint.

c.      "Communication" means any written, electronic, or oral communications, including, but not limited to, telephone conversations, conversations in meetings, letters, memoranda, notes, and e-mails.

d.      "Defective concrete slab" means the defective concrete slab described in Plaintiff's Complaint.

e.      "Document(s)" means but is not limited to any of the following in the possession, custody or control of you, as defined in the foregoing paragraph, including documents at any time in the possession, custody or control of such individuals or entities known by you to exist:

(1)      Any written, typed, recorded, electronically stored, filmed or graphic matter, whether produced, reproduced, or on computer, paper, cards, tapes, film, electronic facsimile, computer storage device or any other media, including but not limited to electronically stored information, emails, PDF documents, text messages, memoranda, notes, minutes, records, photographs, correspondence, telegrams, diaries, bookkeeping entries, computer data compilations, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, diagrams, schematics, maps, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, bulletins, periodicals, transcripts, speeches, newsletters, appointment calendars, records and recordings of oral conversations, or work papers.

(2)      Any copy of any item in the foregoing paragraph that is different in any way from the original whether by interlineation, receipt stamp notation, indication of copies sent or received, or otherwise, drafts, and revisions.

(3)      Any records relating to the preservation or destruction of any items in the foregoing paragraphs.

2

f.      "Identify," when used with reference to a person, means state the person's full name, current or last known home and business addresses and telephone numbers, and the person's relationship to you.

g.      "Identify," when used with a reference to a document, means describe the document and state its date, author, addressee, subject(s), and length.

h.      "Incident" means the incident that gives rise to this lawsuit.

i.      "Person(s)" means persons, partnerships, corporations, associations, and other legal and/or business entities, together with any employee, officer, director, agent or representative of such person or entity; "person(s)" also includes any governmental unit, authority or agency, its employees, agents and representatives.

j.      "Plaza" means the theater plaza described in Plaintiff's Complaint.

k.      "Relating to" means referring to, bearing upon, summarizing, reflecting, constituting, containing, embodying, mentioning, showing, comprising, evidencing, supporting, discussing, describing, commenting upon, concerning, regarding, alluding to, pertaining to, probative of, in connection with, dealing with, in respect of, about, involving, indicating, identifying, memorializing, proving, having anything to do with, or contradicting, in any way, in whole or in part, the subject matter referred to in the request.

REQUESTS

1.      All documents, as defined above, identified or referred to in your answers to any interrogatories propounded in this matter.

**RESPONSE:**

3

2.      All documents, as defined above, that depict the incident or the theater plaza on the day of the incident.

**RESPONSE:**

3.      All documents, as defined above, relating to the incident, such as claims reports, notes, photographs, communications, witness statements, and documents compiled or generated in any investigation, etc., prior to the retention of defense counsel.

**RESPONSE:**

4.      All documents, as defined above, relating to any federal, state, local, or private investigation of the incident for any purpose.

**RESPONSE:**

5.      All documents, as defined above, relating to any other incident in which a person fell or was injured in the theater plaza, or relating to each time any person brought the defective concrete slab to your attention, from 2013 to the present, including claims reports, photographs, communications, witness statements, and documents compiled or generated in any investigation, etc. This request includes documents generated or possessed by your risk management, maintenance, or general counsel's office.

**RESPONSE:**

6.      All insurance agreement(s)/policy(ies) that could conceivably provide coverage to you if any Defendant is held liable. This request expressly includes any liability, CGL, business

4

auto, personal or professional liability, homeowners, umbrella, excess, or other policies of any kind that could conceivably be used to satisfy all or part of any judgment that may be entered in this matter or indemnify or reimburse any party for any payment made to satisfy any such judgment, including any reservation of rights letters issued to you or another Defendant.

**RESPONSE:**

7.    All written statements and summaries of statements, audio recordings, transcripts, or other recordings, regardless of medium, that you, your agents, your insurers, or your representatives that are in your possession that were made by Plaintiff, or of witnesses or anyone else obtained prior to the retention of defense counsel, relating to the allegations in the Complaint.

**RESPONSE:**

8.    All written statements, audio recordings, transcripts, or other recordings, regardless of medium, memorializing utterances of Plaintiff.

**RESPONSE:**

9.    All documents, as defined above, related to the inspection, repair, and maintenance of the theater plaza, including communications, schedules, checklists, work orders, contracts, permit applications, permits, and photographs from 2013 to the date of the incident.

**RESPONSE:**

5

10.     All documents, as defined above, that identity all persons responsible for the theater plaza's inspection, repair, and maintenance, including timesheets, work schedules, and duty rosters from 2013 to the date of the incident.

**RESPONSE:**

11.     All documents, as defined above, related to the removal of the plaza's brick embellishment and replacement with the defective concrete slab, including the reason for its removal and replacement.

**RESPONSE:**

12.     All documents, as defined above, related to the repair or replacement of the defective concrete slab, including the reason for its repair or replacement.

**RESPONSE:**

13.     Every government and industry standard, regulation, guidance, policy, procedure, or other protocol, whether mandatory or voluntary, that you deemed applicable, or with which you sought to comply, with respect to maintaining the theater plaza and the removal of the plaza's brick embellishment and replacement with the defective concrete slab.

**RESPONSE:**

14.     All documents, as defined above, relating to any surveillance or observation of Plaintiff, including photographs, video, notes, communications, surveillance instructions (unless

written by defense counsel), billing records, and any other documents generated in connection with the surveillance.

**RESPONSE:**

15.    All documents, as defined above, describing or depicting the layout of the plaza as it existed (a) immediately before the removal of the theater plaza's brick embellishment and replacement with the defective concrete slab, (b) on the date of the incident, and (c) immediately following the repair or replacement of the defective concrete slab.

**RESPONSE:**

16.    All documents, as defined above, memorializing communications between or among you or your agents or employees and agents and employees of any insurer prior to the retention of defense counsel relating to the allegations in the Complaint, the theater plaza's compliance with building codes and Americans with Disability Act standards, any dangerous conditions in the theater plaza, and the danger of invitees encountering misaligned tiles, concrete slabs, or bricks in the theater plaza from 2013 to the date of the incident.

**RESPONSE:**

17.    All documents, as defined above, memorializing communications between or among you and any other Defendant or third party prior to the retention of defense counsel relating to the allegations in the Complaint, the theater plaza's compliance with building codes and Americans with Disability Act standards, any dangerous conditions in the theater plaza, and

7

the danger of invitees encountering misaligned tiles, concrete slabs, or bricks in the theater plaza from 2013 to the date of the incident.

**RESPONSE:**

18.    The resume or curriculum vitae of any expert you may call at trial or any hearing in this matter.

**RESPONSE:**

19.    All documents, as defined above, reviewed or relied on by any expert you may call at trial or any hearing in this matter in forming their opinions.

**RESPONSE:**

20.    All reports prepared by any expert you may call at trial or any hearing in this matter.

**RESPONSE:**

21.    All communications from or to Plaintiff relating to the incident, Plaintiff's injuries, or other allegations in the Complaint. This Request does not include communications that were sent to or by Plaintiff's current counsel (Blankingship & Keith, P.C.).

**RESPONSE:**

22.    All contracts or agreements between you and any vendor, company, or person that was involved in or responsible for the management, operation, repair, or maintenance of the theater plaza.

8

**RESPONSE:**

23.     All contracts or agreements between you and any vendor, company, or person that was involved in the removal of the theater plaza's brick embellishment and replacement with the defective concrete slab.

**RESPONSE:**

24.     All contracts or agreements between you and any vendor, company, or person that was involved in the repair or replacement of the defective concrete slab following the incident.

**RESPONSE:**

25.     All documents, as defined above, that provide factual support for any of your affirmative defenses or any claim that Plaintiff failed to mitigate damages.

**RESPONSE:**

26.     If you claim that any person other than you caused or contributed to Plaintiff's damages in whole or in part, all documents, as defined above, that relate to or support your claim.

**RESPONSE:**

27.     All documents, as defined above, that you obtain by subpoena *duces tecum* in this matter.

**RESPONSE:**

9

28.     If you claim that any of the medical treatments or damages claimed by Plaintiff are not related to the incident, unnecessary, or unreasonable in amount, all documents, as defined above, that relate to or support your claim.

**RESPONSE:**


        Pursuant to Rule 4:1(b)(6), if you withhold any information based on privilege, you **must "describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."**


                                          SHAD EL FERNANDEZ
                                          By Counsel

By: _____
     Robert J. Stoney, VSB #27412
       rstoney@bklawva.com
     Juli M. Porto, VSB #80820
       jporto@bklawva.com
     BLANKINGSHIP & KEITH, PC
     4020 University Drive, Suite 300
     Fairfax, Virginia 22030
     Telephone (703) 691-1235
     Facsimile (703) 691-3913

10

FILED
CIVIL INTAKE

**VIRGINIA:**

2021 MAR 18  AM 9: 59

**IN THE CIRCUIT COURT FOR FAIRFAX COUNTY**

JOHN T. FREY
CLERK, CIRCUIT COURT
FAIRFAX, VA

| | |
|---|---|
| **SHAD EL FERNANDEZ,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **BOSTON PROPERTIES, INC. and** | ) |
| **BOSTON PROPERTIES, LP and** | ) |
| **BOSTON PROPERTIES, LLC and** | ) |
| **BOSTON PROPERTIES SERVICES, LLC** | ) |
| **and BP KINGSTOWNE THEATRE, LLC,** | ) |
| <u>Serve</u>: | ) |
| CT Corporation System, RA | ) |
| 4701 Cox Road, Suite 285 | ) |
| Glen Allen, VA 23060 | ) |
| | ) |
| **Defendants.** | ) |

Case No.: **2021 04043**

## <u>PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS</u>

Plaintiff Shad El Fernandez, by counsel, pursuant to Rule 4:8, propounds the following

interrogatories on Defendants Boston Properties, Inc., Boston Properties, LP, Boston Properties,

LLC, Boston Properties Services, LLC, and BP Kingstowne Theatre, LLC to be answered under

oath within 28 days of receipt.

## DEFINITIONS

When used in these interrogatories, Plaintiff intends the words below to have the

following meanings:

a.      "You" or "your" means the entity to which these interrogatories are directed and

its agents, employees, insurers, or representatives.

b.      "Brick embellishment" means the brick embellishment described in Plaintiff's

Complaint.

c.      "Communication" means any written, electronic, or oral communications, including, but not limited to, telephone conversations, conversations in meetings, letters, memoranda, notes, and e-mails.

d.      "Defective concrete slab" means the defective concrete slab described in Plaintiff's Complaint.

e.      "Document(s)" means but is not limited to any of the following in the possession, custody or control of you, as defined in the foregoing paragraph, including documents at any time in the possession, custody or control of such individuals or entities known by you to exist:

(1)      Any written, typed, recorded, electronically stored, filmed or graphic matter, whether produced, reproduced, or on computer, paper, cards, tapes, film, electronic facsimile, computer storage device or any other media, including but not limited to electronically stored information, emails, PDF documents, text messages, memoranda, notes, minutes, records, photographs, correspondence, telegrams, diaries, bookkeeping entries, computer data compilations, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, diagrams, schematics, maps, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, bulletins, periodicals, transcripts, speeches, newsletters, appointment calendars, records and recordings of oral conversations, or work papers.

(2)      Any copy of any item in the foregoing paragraph that is different in any way from the original whether by interlineation, receipt stamp notation, indication of copies sent or received, or otherwise, drafts, and revisions.

(3)      Any records relating to the preservation or destruction of any items in the foregoing paragraphs.

2

 f.  "Identify," when used with reference to a person, means state the person's full name, current or last known home and business addresses and telephone numbers, and the person's relationship to you.

 g.  "Identify," when used with a reference to a document, means describe the document and state its date, author, addressee, subject(s), and length.

 h.  "Incident" means the incident that gives rise to this lawsuit.

 i.  "Person(s)" means persons, partnerships, corporations, associations, and other legal and/or business entities, together with any employee, officer, director, agent or representative of such person or entity; "person(s)" also includes any governmental unit, authority or agency, its employees, agents and representatives.

 j.  "Plaza" means the theater plaza described in Plaintiff's Complaint.

 k.  "Relating to" means referring to, bearing upon, summarizing, reflecting, constituting, containing, embodying, mentioning, showing, comprising, evidencing, supporting, discussing, describing, commenting upon, concerning, regarding, alluding to, pertaining to, probative of, in connection with, dealing with, in respect of, about, involving, indicating, identifying, memorializing, proving, having anything to do with, or contradicting, in any way, in whole or in part, the subject matter referred to in the request.

INTERROGATORIES

1. **Identifying Information**:

Identify, as defined above, the person(s) answering these interrogatories and each person who provided information relied on to answer these Interrogatories.

**ANSWER:**

3

2.    **Identifying Information**:

Identify your current business structure and your business structure at the time of the incident and state the date on which your organization was formed and its state of formation. If you are structured as a partnership, identify all limited and general partners, from the time of the incident to present. If you are structured as a limited liability company, identify all managers and members from the time of the incident to present.

**ANSWER:**

3.    **Witnesses**:

Identify, as defined above, all persons having any personal knowledge of, or who may be witnesses to, any of the facts that give rise to this lawsuit, including persons who:

   a. observed the incident or came to the scene immediately after the incident;

   b. have knowledge of the incident's cause, including the fault of any party;

   c. have knowledge relating to the removal of the theater plaza's brick embellishment and replacement with the defective concrete slab, including the reason for the removal and replacement;

   d. have knowledge relating to the repair or replacement of the defective concrete slab following the incident, including the reason for the repair or replacement; and

   e. have knowledge of the nature and extent of Plaintiff's injuries.

**ANSWER:**

4

4.      **Lost or Destroyed Tangible Items**:

For any tangible item requested by any party that you claim has been destroyed or lost, describe specifically what was destroyed or lost, when and how it was destroyed or lost, where it had been located immediately before it was destroyed or lost, who its custodian had been, who destroyed or lost it, and who directed or allowed its destruction or loss; and identify each person who has knowledge of this information.

**ANSWER**:


5.      **Witness Statements**:

Identify all statements and summaries of statements that you, your agents, your insurers, or your representatives obtained prior to the retention of defense counsel or that are in your possession that were made by Plaintiff, witnesses, or anyone else, relating to the allegations in the Complaint, and for each, state the date on which the statement was taken, the name and contact information of the person taking the statement, the name and contact information of the custodian of the statement, and whether the statement has been transcribed.

**ANSWER**:


6.      **Expert Witnesses**:

Identify every expert witness whom you may call at the trial or any hearing of this case, state the subject matter upon which the expert is expected to testify, his or her qualifications to testify thereon, the substance of facts and opinions to which the expert is expected to testify, and a summary of the grounds for each such opinion.

**ANSWER**:

7.    **Persons Liable:**

Identify, as defined above, each person, if any, whom you contend caused or contributed, either partially or exclusively, to the incident, and state all facts in support of each such contention, including the specific acts or omissions of each party upon which you base your contention. Include in your answer any person, as defined above, whom you contend owned, operated, maintained, or could control the theater plaza where Plaintiff fell or who was involved in the removal of the theater plaza's brick embellishment and replacement with the defective concrete slab.

**ANSWER:**

8.    **Prior Incidents:**

For each incident in which a person fell or was injured in the theater plaza or that involved the defective concrete slab for the five years preceding this incident and for each time any person brought the defective concrete slab to your attention, state the date and location of the incident, identify the injured person and their attorney, if any, describe any investigation you made of the incident or notice including your determination of the cause of incident, and any action you took in response to the incident or notice.

**ANSWER:**

9.    **Inspection, Maintenance, and Repair:**

For each occasion on which the theater plaza was inspected, maintained, repaired, or altered for the four years preceding the incident, describe the inspection, maintenance, repair or

6

alteration in detail, identify the person who performed it and anyone who had knowledge of it, state the reason for it, and identify all related documents including correspondence, contracts, and permit applications or other requests for permission to perform the inspection, maintenance, repair, or alteration.

**ANSWER:**

10. **Other Causes of Injuries or Damages:**

If you contend that any medical treatments or damages claimed by Plaintiff are not related to the incident, unnecessary, or unreasonable in amount, identify each such treatment or damage and state the factual basis for each such contention.

**ANSWER:**

11. **Party Admissions:**

If you have had any communications with Plaintiff relating to the allegations in the Complaint or Plaintiff's injuries or have knowledge of any other person having communications with Plaintiff relating to the allegations in the Complaint or Plaintiff's injuries, identify the date of each communication, the people involved in the communication, the substance of the communication, and if written, identify the custodian of such writing.

**ANSWER:**

12. **Affirmative Defenses:**

For each affirmative defense on which you rely in this case, including any claim that Plaintiff failed to mitigate damages, identify the defense, state each fact upon which the defense

7

is grounded and, for each such fact, identify all persons having knowledge thereof and all documents and/or things which evidence such fact as required by *Benitez v. Ford Motor Co.*, 273 Va. 242 (2007).

**ANSWER:**


13. **Insurance:**

For each insurance policy that could conceivably provide coverage to you if any Defendant is held liable, state the name of the insurance company, the policy number, your insurance broker, the amount of coverage available for payment, and any self-insured retention. This interrogatory expressly includes any liability, CGL, business auto, personal or professional liability, homeowners, umbrella, excess, or other policies of any kind that could conceivably be used to satisfy all or part of any judgment that may be entered in this matter or indemnify or reimburse any party for any payment made to satisfy any such judgment, including any reservation of rights letters issued to you or another defendant. Please do not simply refer to policies, but write the answer requested.

**ANSWER:**


14. **Policies, Procedures, and Protocols:**

Identify and describe every government and industry standard, regulation, guidance, policy, procedure, or other protocol, whether mandatory or voluntary, that you deemed applicable, or with which you sought to comply, with respect to maintaining the theater plaza and the removal of the theater plaza's brick embellishment and replacement with the defective concrete slab.

8

**ANSWER:**

15.   **Plaza Alteration:**

Describe in detail the circumstances of the removal of the theater plaza's brick embellishment and replacement with the defective concrete slab, including the purpose for the removal and replacement, date(s) the work was performed, the identity of any person who performed the work or had knowledge of it, any issues or difficulties surrounding the work, and the cost of the work and identify all related documents, including correspondence, contracts, and permit applications or other requests for permission to perform the work.

**ANSWER:**

16.   **Plaza Repair:**

Describe the repair or replacement of the defective concrete slab following the incident, including the purpose for the repair or replacement, date(s) the work was performed, the identity of any person who performed the work or had knowledge of it, and identify all related documents including correspondence, contracts, and permit applications or other requests for permission to perform the work.

**ANSWER:**

9

SHAD EL FERNANDEZ
By Counsel

By: _____
    Robert J. Stoney, VSB #27412
     rstoney@bklawva.com
    Juli M. Porto, VSB #80820
     jporto@bklawva.com
    BLANKINGSHIP & KEITH, PC
    4020 University Drive, Suite 300
    Fairfax, Virginia 22030
    Telephone (703) 691-1235
    Facsimile (703) 691-3913

10